BERRY v. STATE.

(Court of Criminal Appeals of Texas. March 19, 1913. Rehearing Denied April 16, 1913.)

1. TRESPASS (§ 77*)—CRIMINAL RESPONSIBILITY — STATUTORY PROVISIONS — REPEAL OF STATUTES.

Pen. Code 1895, art. 804, which made one entering inclosed and posted lands of another for hunting with firearms, etc., liable to a fine, by article 805 was made inapplicable to inclosures of 2,000 acres in one inclosure. Acts 26th Leg. c. 102, applying to inclosures of 2,000 acres or more, prohibited hunting upon inclosed and posted land under a penalty not exceeding $200, and provided by section 4 that it should not repeal the law as to inclosures of 2,000 acres or less; and Acts 28th Leg. c. 103, amending Pen. Code, art. 804, provided a penalty of not less than $10 nor more than $100, and by section 2 provided that it should not apply to inclosures containing 2,000 acres or more. Held that, as Pen. Code, art. 804, was not repealed by Acts 26th Leg. c. 102, and as Acts 26th Leg. c. 102, was not repealed by Acts 28th Leg. c. 103, the law in 1903 prohibited hunting within inclosed and posted lands containing less than 2,000 acres without the consent of the owner, under penalty of not less than $10 nor more than $200, and hunting within inclosed lands containing more than 2,000 acres under fine not exceeding $200; the distinction in the two later acts being that inclosed lands of less than 2,000 acres need not be posted, while inclosures of 2,000 acres or more should be posted.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 167; Dec. Dig. § 77.*]

2. STATUTES (§ 159*)—REPEAL BY IMPLICATION.

A Legislature may repeal by implication; but, to justify the finding of the intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to repeal must be clearly expressed, and where the intention not to repeal is manifest there is no room for repeal by implication.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. § 159.*]

3. STATUTES (§ 158*)—PRESUMPTIONS TO AID CONSTRUCTION—REPEAL BY IMPLICATION.

Where express terms are not used, the presumption is always against the intention to repeal.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

4. STATUTES (§ 152*)—REPEAL—EXPRESS REPEAL.

An express repeal of a statute may be accomplished only by positive enactment; but, the question of repeal being one of legislative intent, an express declaration that a particular statute is repealed will not be given effect, where it was apparent that the Legislature did not so intend.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 219, 223, 224, 227; Dec. Dig. § 152.*]

5. STATUTES (§ 153*)—EXPRESS REPEAL—RECITAL IN TITLE OF ACT.

A recital in the title of an act that its purpose is. to repeal a previous act is not of itself sufficient for that purpose, in the absence of a repealing clause in the body of the statute; the title not being an operative part of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 220; Dec. Dig. § 153.*]

6. STATUTES (§ 157*) — REPEAL OF INCONSISTENT ACTS—GENERAL REPEALING CLAUSE.

A general clause repealing all acts or parts of acts inconsistent therewith, while effective in repealing inconsistent enactments, extends only to those acts on the same subject, or parts of such acts, clearly inconsistent with the repealing act, and only to the extent of the conflicting provisions.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 225, 226; Dec. Dig. § 157.*]

7. STATUTES (§ 158*) — REPEAL BY IMPLICATION.

A statute is repealed by implication whenever subsequent legislation shows that the Legislature does not intend it to remain in force, and, conversely, no statute operates as an implied repeal of an earlier statute, if it appears that the Legislature did not so intend; but repeals by implication are not favored, and a statute will not be held to repeal any former law relating to the same matter, unless the later act is either repugnant to the earlier one, or fully embraces the subject-matter thereof, or unless the reason for the earlier act is removed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

8. STATUTES (§ 167*)—REPEAL BY ADOPTION OF CODE—PROVISION OMITTED.

Acts 26th Leg. c. 102, applicable to inclosures of 2,000 acres or more, prohibited hunting upon inclosed and posted land without the consent of the owner, under penalty of not more than $200, and by section 4 provided that it should not repeal the law as to inclosures of 2,000 acres or less. Pen. Code 1895, arts. 804, 805, and Acts 28th Leg. c. 103, amending article 804, not applying to inclosures of 2,000 acres or more, provided a penalty of not less than $10 or more than $100. The codifying commission provided by the Legislature of 1899 brought forward in the Penal Code of 1911 the act of 1903 as article 1255, and entirely omitted the act of 1899; and in 1911 the Code was enacted by bill providing in section 1 "that the following titles, chapters, and articles shall hereafter constitute the Penal Code of the state of Texas," and in section 4 that "nothing in this act shall be construed or held to repeal * * * any law or act passed by this Legislature at its regular session," and no other acts were specifically exempted from repeal. The Penal Code so adopted contained no express repeal of the act of 1899 and no provision dealing with the subject of that act. *Held,* that the adoption of the Code did not impliedly repeal the act of 1899, and that it was still in full force and effect.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 242, 243; Dec. Dig. § 167.*]

Appeal from Medina County Court; H. E. Haass, Judge.

W. E. Berry was convicted of hunting in inclosed and posted lands of another containing more than 2,000 acres, and he appeals. Affirmed.

V. H. Blocker, of Hondo, for appellant.

First Assignment of Error in Two Sections—Section A: The court erred in overruling appellant's motion to quash the information and affidavit filed in this cause, charging appellant with unlawfully and knowingly hunting on the inclosed and posted lands of C. B. Woodward without his consent, for the reason that said affidavit and information charges no offense against the laws of the state of Texas, in that said affidavit and information charges the defendant, under the law as passed by the Acts of the 26th Legislature, A. D. 1899; said act having been repealed by the Acts of the Legislature of 1903 (page 159), said two acts being in direct conflict with each other on the same subject-matter. And the act of 1903 being a later act and a valid law, repealed the older law or act of 1899, by amending said act of 1899. Hence no offense can be committed by appellant under the provisions of said old law. (Trans. p. 15).

Proposition under Section A: The first section of assignment No. 1 is submitted as a proposition within itself.

Statement: The appellant was prosecuted and convicted under the Acts of 1899, 26th Legislature, page 173 (see information, Trans. p. 2), which was an added section to article 804, Penal Code. The Acts of 1903 amended article 804, Penal Code, but did not pass a repealing clause directly repealing the act of the 26th Legislature. It provided a penalty by fine, of not less than $10 nor more than $100, to hunt with firearms upon the inclosed lands of another without the consent of the owner, and providing further that said act shall not apply to inclosures including 2,000 acres or more in one inclosure, while the act of the 26th Legislature provided for a penalty of not more than $200. Again, the act of 1899 is in conflict with the act of 1903, in that the act of 1903 provides that said act shall not apply to inclosures including 2,000 acres or more in one inclosure, while the act of 1899 has no such limitation and provides no liability to the penalty, unless the owner or proprietor of the inclosure shall at each entrance keep a notice with the word "Posted" marked thereon.

Section B of First Assignment: The court erred in overruling appellant's motion to

quash the affidavit and information, because "no prosecution of appellant could be had or sustained by virtue of said act of 1899, as the same no longer exists on the criminal statutes of the state of Texas as a law, for the reason that the Legislature of 1911, 32d session, adopted the Criminal Code as handed down by the codifiers, wherein the act of 1903 was adopted and made the law as the only hunting and fish law in the Criminal Code." (Trans. p. 16.)

Proposition under Section B: The above section B of first assignment is also submitted as a proposition.

Statement: When this complaint and affidavit was filed, the 32d Legislature had, by an act entitled "An act to adopt and establish the Penal Code and Code of Criminal Procedure for the state of Texas," adopted the present Penal Code, which was approved by the Governor March 31, 1911, and became a law 90 days after adjournment of the Legislature, and was duly certified to on December 2, 1911, by the Secretary of State. Said act of 1903, being adopted and brought forward in said revised Penal Code as article 1255 of the present adopted Penal Code, is now the only law on the subject of hunting upon the inclosed land of another without the consent of the owner; the act of 1899 being dropped out as repealed.

Authorities: State v. Smith, 44 Tex. 445; Acts 1903, page 159, 28th Legislature; Revised Penal Code of 1911, art. 1255; Stebbins v. State, 22 Tex. App. 35, 2 S. W. 617; Stirman v. State, 21 Tex. 734; Cain v. State, 20 Tex. 355; Dickinson v. State, 38 Tex. Cr. R. 472, 41 S. W. 759; Ex parte Cox, 53 Tex. Cr. R. 240, 109 S. W. 369.

Argument: The act of 1899, an act entitled "An act to promote agriculture and stock-raising and to prohibit the hunting with firearms or dogs upon inclosed and posted lands of another," etc., was assuredly intended by the Legislature to amend and amplify the Acts of 1885, c. 85, which act was brought forward by revisors of 1895 and known in the Revised Penal Code as article 804, and it would not be contended that, under a prosecution for a violation of the act of 1899, the defendant could plead as a defense the proviso of article 804 that the inclosure where he hunted contained 2,000 acres (as the evidence in this case shows the inclosure to contain 8,000 acres of land), because the subject-matter of the act of 1899, to wit, hunting on the inclosed lands of another, did not limit the inclosure to 2,000 acres, for it provided what was inclosed land and how inclosed, and provided in section 3 of said act: "No person shall be liable to the penalty," unless the owner posted his lands as therein required. And while not raised as a question of law before the lower court, counsel here, by parenthesis, wishes to say to the court that he is of the opinion, under the case of Jannin v. State, 42 Tex. Cr. R. 631, 51 S. W. 1126, 96 Am. St. Rep. 821, the act of 1899

was unconstitutional and void, which is here submitted to the court if they deem it proper to consider that phase of the act. Now the act of 1903 seems to have amended article 804 of Revised Statutes of Texas, Penal Code, and for the first time in the history of the hunting and fish law, excluded "posting" as a prerequisite to the enforcement of that law, possibly from the opinion in the Jannin Case. At any rate, posting is left out, which would make it a violation of the law per se for a person to hunt upon the inclosed lands of another where the inclosure was less than 2,000 acres. The exact subject-matter, that of hunting with firearms upon the inclosed lands of another, of the act was considered by the Legislature when enacting the act of 1903 as was considered in the act of 1899, as well also as article 804 of the Revised Penal Code of 1895. That being the case, as said in Stebbins v. State, 22 Tex. App. 32, 2 S. W. 618, when a new statute in itself comprehends the entire subject and creates a new law, an independent and entire system respecting the subject-matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject-matter. In the case of Ex parte Cox, opinion by Judge Ramsey, the court held the act of 1903 to be a valid act, being then a valid act and a later act than the 1899 act, containing the same subject-matter of legislation as the act of 1903, was by implication a repeal of all previous acts upon the subject-matter of hunting and fishing, etc., and no prosecution can be sustained under a repealed law. Again, the Penal Code was revised in 1911, and the codifiers, being instructed to bring forward in the revision all articles that are not repealed, evidently considered the act of 1899 a repealed law, for they, the codifiers, brought forward the act of 1903 as article 1255 of the Revised Penal Code, which Penal Code was adopted by the 32d Legislature as revised as the Penal Laws of Texas, thereby and through the act of adoption of the new Code, repealed all laws not therein contained; hence appellant insists his conviction is void, and asks this court to reverse and dismiss the case.

Second Assignment: Appellant asks the court to consider same as having been considered in sections A and B of the first assignment, as the propositions and statements go to the same issue that would be raised by the second assignment.

C. E. Lane, Asst. Atty. Gen., for the State.

The court below did not err in refusing to quash the information and affidavit filed in this cause, for the reason that the act of the Legislature of 1899, page 173, General Laws, is an act to promote agriculture and stock-raising, etc., and to prevent *hunting with firearms or dogs upon the inclosed and posted lands* of another, etc.

Section 4 of the act provides that same is not to be construed as to repeal the law re-

lating to inclosures of 2,000 acres. Said act also exempts certain counties, same being a special law on the matter.

The Acts of 1903, page 159, which appellant claims is in conflict with the act of 1899, is a general law; same being an amendment to articles 804 and 805 of the Penal Code of 1895. The act makes it an offense to "enter the inclosed lands of another * * * and therein *hunt with firearms or therein catch or take any fish * * * or in any other manner depredate upon the same.*" It also provides that same shall not apply to inclosures containing over 2,000 acres.

Both acts can exist at one and the same time.

Authorities: Revised Pen. Code 1895, arts. 804 and 805; Acts 26th Leg. 1899, p. 173; Acts 28th Leg. 1903, p. 159; Acts 28th Leg. 1903, p. 193; Braun v. State, 40 Tex. Cr. R. 236, 49 S. W. 621, and cases cited; Ex parte Keith, 47 Tex. Cr. R. 283, 83 S. W. 685; Parshall v. State, 62 Tex. Cr. R. 177, 138 S. W. 759; State v. Duke et al. (Sup.) 137 S. W. 654; Cyc. vol. 36, page 1095 (section F).

Argument: It seems to be a general rule of law, and a well-established rule in our state, that repeals by implication are not favored, and further that every effort must be used by our courts to make all acts stand, if by any reasonable construction they can be reconciled. It is frequently found that the conflict between two statutes is apparent only, as their objects are different, and when the language of each is restricted to its own object they run in parallel lines without meeting; this avoiding all conflict between the two. Furthermore all laws are presumed to be passed with deliberation and full knowledge of all existing laws on the subject, and it is but reasonable to conclude that in passing the statute it was not intended to interfere with or abrogate any former law relating to the same matter, unless the later act fully embraces the subject-matter of the earlier.

The act of 1899 has reference to hunting with firearms or dogs on the inclosed and posted lands of another. Among other matters it requires ownership to be proved, it excepts bona fide travelers traveling along a public road, and it requires the owner to post his inclosure. The act only applies to inclosures containing over 2,000 acres, and it also only applies to certain counties in the state.

The act of 1903 has reference to hunting and fishing in inclosures containing less than 2,000 acres and applies to the whole state.

Also, to further show that the Legislature in 1903 did not intend to repeal the act of 1899, on page 193 of said Acts of 1903 will be found an amendment to the act of 1899, and by such amendment they recognized the same as a valid and existing law.

Appellant contends that the omission by the codifiers of the act of 1899 from the 1911 Penal Code repealed the said act of 1899 and that same no longer exists.

Under the Acts of the 31st Legislature, page 130, commissioners to be appointed were required to bring forward all laws that had not been repealed or amended into a new Code. The result of this is the Penal Code of 1911.

The Legislature in 1911, in adopting the Penal Code of 1911, did not repeal or do away with any existing laws not mentioned in the Code.

Authorities: Hammer v. State, 173 Ind. 199, 89 N. E. 850, 24 L. R. A. (N. S.) 795, 140 Am. St. Rep. 248, 21 Ann. Cas. 1034; 36 Cyc. page 1081 (b) Codification, and cases cited; enacting and repealing clauses, Codes of 1895 and 1911.

Argument: We believe that, had the Penal Code of 1911 been adopted in like terms and manner as the Penal Code of 1895, the above proposition might not be sound, and we would be thrown entirely on our second proposition, hereinafter set out; but let us compare these two Codes and the sections under which each were enacted, in order to get at the intention of the Legislature and see whether the act of 1899 was repealed.

It will be seen that the caption and section 1 of the Penal Code of 1895 and the Penal Code of 1911 are identical.

Section 3 of the Code of 1895 (last page of index to Code of Criminal Procedure) provides that "all penal laws and all laws relating to criminal procedure that are not embraced in this act * * * be and the same are hereby repealed."

Section 3 of the Penal Code of 1911 has reference only to annotations shown in the Code.

Section 4 of the Code of 1911 (page 325, Code Criminal Procedure) is as follows:

"Nothing in this act shall be construed or held to repeal, or in any wise affect, the validity of any law or act passed by this Legislature in its regular session."

If it was the intention of the Legislature to repeal all penal laws not embraced in this act, then, as they were evidently copying from the sections of the 1895 Code, why did they not add the repealing clause in section 4 of the 1911 Code.

At the best therein being no direct repeal of existing laws not embraced in the 1911 Code, same could only be construed as a repeal by implication, and it is a well-settled rule in all states of our Union that such repeals are not favored.

The 32d Legislature in its regular session (Acts of 1911, page 90) amended the act of 1899, by amending section 6 of said act, thus recognizing same as a valid and existing law, and from said Acts of 1911, page 90, we can then go to the original act as passed by the 26th Legislature (Acts of 1899, page 173).

Authorities: Braun v. State, 40 Tex. Cr. R. 236, 49 S. W. 620; State v. Duke et al. (Sup.) 137 S. W. 654; Dickinson v. State, 38 Tex. Cr. R. 472, 41 S. W. 759; Cyc. vol. 36, page 1058; Code Cr. Proc. 1911, p. 325, § 4.

Argument: When the Legislature of 1911 amended the act of 1899, they plainly showed that they recognized the act of 1899 as being in full force and effect and a valid and existing law.

Now, what law was it intended to place Atascosa, Caldwell, Coke, etc., counties under the operation of? To determine this question we cannot only look to the chapter itself, but we can look back to the provisions which constituted said chapter as they formerly existed.

And in this connection it is expressly provided in said section 4 of the 1911 Code that same is not to affect validity of any law or act passed by said 32d Legislature.

And in conclusion we must not get the act of 1885 and its amendments confused with the act of 1899 and its amendments, nor must we confuse the constructions placed by our courts on the 1895 Code with our Code of 1911.

And, further, we would like to call the attention of the court to an opinion on this matter of Denman, Franklin & McGown, adopted last November by Jas. D. Walthall, Attorney General; also to an opinion on this matter rendered by Judge Looney, Attorney General, as to the existence of said act of 1899.

Opinion of Attorney General:

"January 17, 1913.

"Mr. W. T. Magee, Pearland, Texas—Dear Sir: In your letter of January 11, 1913, you state that you own a pasture containing 6,081 acres, and you desire to know whether you can post the pasture, and thus prevent people from hunting and fishing therein.

"We have given this question careful consideration, and for your information we will state that the only law on this subject embraced in Rev. Pen. Code 1911 is article 1255, which reads as follows:

"'Any person who shall enter upon the inclosed lands of another without the consent of the owner, proprietor or agent in charge, and therein hunt with firearms, or therein catch or take any fish from any pond, lake, tank or stream, or in any other manner depredate upon the same, shall be punished by fine not less than $10 nor more than $100: Provided, that this article shall not apply to inclosures including 2,000 acres or more in one inclosure.'

"This statute is general in its terms and applies to every county in Texas.

"The first act on this subject was the act of March 31, 1885. The only difference in the Acts of 1885, c. 85, and the above-quoted statute, is this: The act of 1885 required the inclosure to be posted at each entrance thereto, but said act exempted inclosures of 2,000 acres or more just as the above-quoted statute.

"The next act on this subject was the act of May 1, 1893 [Acts 1893, c. 67]. This act also carried with it the requirement of posting, but likewise exempted all inclosures exceeding an area of 2,000 acres.

"In 1903 the Legislature again amended this law, and enacted the statute first above quoted, which is now the law.

"The word 'posted' was dropped from this statute in 1903, and so far as this statute is concerned it is now unlawful for any person to enter upon the inclosure of another without consent, and therein hunt with firearms, or therein fish, etc., provided the inclosure does not include 2,000 acres or more. When the inclosure embraces less than 2,000 acres, the law does not require that same shall be posted.

"The Legislature of 1899 enacted another statute for the protection of agriculture and stock-raising, which reads as follows: 'That it shall be unlawful for any person or persons knowingly to hunt with firearms or dogs upon the inclosed and posted lands of another, without the consent of the owner thereof, where such lands are in use as agricultural lands or for grazing purposes, having cattle, horses, sheep or goats herding or grazing thereon.' Said section defines fully what is meant by inclosed lands. Section 2 of said act provides the punishment. Section 3 of said act is as follows: 'No person shall be liable to the penalty prescribed in the preceding article unless the owner or proprietor of such inclosure shall at each entrance thereto keep a notice in a conspicuous place, with the word "Posted" plainly marked thereon, which shall constitute posting within the meaning of this act.' Section 4 of said act is as follows: 'Nothing in this act shall be construed to repeal the present law relating to inclosures of 2,000 acres or less.' Section 6 of said act exempts quite a number of counties from its provisions.

"This last act was not intended to repeal any of the provisions of the act relating to inclosures of 2,000 acres or less; but it was evidently the intention of the Legislature that this act should apply to all inclosures including 2,000 or more acres. The owner or agent, however, of such inclosures, is required to post the same. This requirement is not made in cases where the inclosures are less than 2,000 acres.

"Now this act has never been repealed, and it applies to every county in Texas, except Upton county, unless the failure of the codifiers to incorporate it in the Revised Penal Code of 1911 has the effect of repealing it.

"For some reason this statute was not brought forward by the codifiers into the Revised Penal Code of 1911, and because of

this fact it is contended by some that it is therefore a repealed statute and absolutely without force and effect.

"The act of the 32d Legislature, adopting the Revised Penal Code of 1911, reads as follows: 'Section 1. Be it enacted by the Legislature of the state of Texas, that the following titles, chapters and articles shall hereafter constitute the Penal Code of the state of Texas.' Section 2 contains a similar declaration with reference to the Code of Criminal Procedure. Section 3 reads as follows: 'It is provided, however, that the annotations under the several articles of the Penal Code and Code of Criminal Procedure shall not be construed to be any part of said either Codes.' Section 4 reads: 'Nothing in this act shall be construed or held to repeal, or in any wise affect, the validity of any law or act passed by this Legislature in its regular session.'

"In other previous codifications of the laws of this state the act adopting said codifications contained express provisions repealing all laws not contained in said revisions. It is significant that the act of the 32d Legislature adopting the 1911 revision did not contain any such provision. Again, the Acts of the 31st Legislature, p. 130, authorized the Governor to appoint codifying commissioners, and prescribe their duties, and it contains this provision: 'Said commissioners shall adopt such of the * * * civil and criminal statutes as have not been repealed or amended.' And said act nowhere gives said board of commissioners any discretionary powers regarding the statutes that shall be brought forward in the codification, but they are expressly directed to adopt all laws, civil and criminal, that have not theretofore been amended or repealed.

"Now if there is nothing in the act creating the codifying commissioners and prescribing their duties authorizing them to repeal any statute, and if there is nothing in the act adopting the revision repealing all laws not contained therein, then it appears clear to us that the mere failure of the commissioners to bring forward a statute and make it a part of the revision could not have the effect of repealing such statute.

"The intention of the Legislature in creating these commissioners and defining their duties, and in failing to give them the authority to omit from their revision any statute, except repealed and amended statutes, is too clear to admit of serious doubt. It did not undertake to delegate to the commissioners the authority to repeal any law. It did not give them any such authority, and when it adopted their work it must have known that in all probability some statute might have been omitted, and, in order not to strike down some wholesome statute, it did not provide for the repeal of all laws not embraced in said revision, as the other acts adopting previous revisions had done.

"Simply the omission of a statute from the Revised Penal Code would not evidence the intention to repeal said statute. Repeals by implication are not favored by our courts. In all such cases the legislative intent governs, and we must, therefore, look to the intention of the Legislature in all such matters.

"Authorities: Ex parte Cox, 53 Tex. Cr. R. 240, 109 S. W. 369; Braun v. State, 40 Tex. Cr. R. 236, 49 S. W. 620; Phipps v. State, 36 Tex. Cr. R. 216, 36 S. W. 753.

"We therefore conclude that the act of 1899, above quoted, is a valid statute, even though omitted from the revision, and that it applies to all counties in the state, except Upton county.

"If you will follow the provisions of that statute with reference to posting your inclosure, then if parties without your consent hunt in same they would be subject to the punishment prescribed in said statute.

"However, you will notice that this statute does not make it an offense for a person or persons to fish within such an inclosure, even without the consent of the owner or proprietor of same."

Denman, Franklin & McGown, Searcy & Browne, and Beasly & Beasly, amici curiæ.

Did the act of the Legislature adopting the Criminal Code and Code of Criminal Procedure, enacted the 11th day of March, 1911, repeal the act of 1899 and the acts amendatory thereof, punishing hunting in pastures with firearms, etc.?

We are of opinion that it did not, and will state succinctly the reasons upon which we base our conclusion:

Said hunting act, having been once validly enacted, must be held to be still in force unless a *legislative intent* to repeal it can be pointed out. We admit that such a *legislative intent* need not necessarily be manifested by express repealing words, but may be deduced or found by the court to exist from cogent circumstances; but *such intent must nevertheless have existed in the legislative mind, and the court must find it to have existed either by express repealing words* used by the Legislature, or *by such circumstances as clearly evidenced such intent to have existed in the legislative mind.* It will not be contended that there is in said Penal Code, adopted in 1911, or in any other act of the Legislature, any language expressly repealing said hunting act, therefore we will not discuss the question of express repeals; but it is contended that the circumstances under which the Code was adopted, taken in connection with some language of the Code, and especially section 4 of the Code in these words, "Nothing in this act shall be construed or held to repeal, or in any wise to affect, the validity of any law or act passed by this Legislature in its regular session," evidences a *legislative intent* to repeal any and all laws not included

in the Code, and therefore the hunting act under discussion. This leads us to examine carefully the circumstances surrounding the enacting of the bill adopting this Code, in order to determine whether such circumstances evidence such *legislative intent*, for if they do not evidence such intent the law cannot be held to have been repealed.

In order to prevent confusion and to insure precision of thought, we will state here that the *legislative intent* that we are seeking for, and must find in order to hold this law repealed, is not that of the Legislature appointing the commission, but of the Legislature which enacted the bill embodying the provisions of the Code of 1911; that is, the Legislature of 1911.

It may be that an examination of the terms of the act of the Legislature appointing the commission would have some bearing or throw some light upon the *intent* of the Legislature of 1911 adopting the Code; but in the ultimate analysis it is the *intent* of the Legislature of 1911 adopting the Code, and of that Legislature only, which must be found to exist in order to hold said hunting act repealed. Therefore, if the act of the Legislature appointing the commission had expressly provided that the Code, when prepared by it, should or should not be the sole law of the land, such provision would not have been binding upon the subsequent Legislature of 1911 when it came to adopt the Code into law, and we would again have been brought to the proposition above stated—that in order to hold said act repealed we must find an *intent* on the part of the Legislature of 1911 to repeal said act.

The circumstances from which a *legislative intent* to repeal a law may be deduced are so varied that it is impracticable to state any general principle which would control every case. Each case must be made the subject of a special examination of its given facts, to determine whether *such intent* existed in the mind of the Legislature in such case; therefore much confusion and inaccuracy of thought and consequent illogical deduction may be brought about by undertaking to rule a given case by other cases. Such other cases can only be looked to in order to determine the process of reasoning which legal minds have followed in such investigations; but, after all has been said and read, the court, looking for the *legislative intent* in the case under consideration, can only use the decisions of other courts as general guides, and not as of binding force, for rules of construction are not rules of law, binding upon the courts, but are mere aids to assist the court in determining the *intent*. If the court is of opinion that such rules lead them right in the particular case, they are at liberty to follow them; if not, it is their duty to override them and find the true legal intent.

What are the circumstances surrounding the enactment of the Code of 1911? For we may read this law in the light of the circumstances under which it was enacted, and under that light we must search for the *intent of the Legislature* of 1911, in order to determine whether the hunting law of 1899 has been repealed.

It will be observed that the acts of the Legislature adopting and constituting the Codes of 1857, 1879, and 1895 each contain a repealing clause *expressly repealing* all acts of previous Legislatures not included in such Codes, with the exception of the acts of certain specified Legislatures, and it will be observed that the language of each of said three repealing clauses is practically the same, showing that it was the intention of the Legislature in each instance to generally repeal all omitted laws.

Now, if the Legislature of 1911, in adopting the Code of that year, had had the *intention* to repeal all omitted laws, as the previous Legislatures had, it would have been in due course and perfectly natural for them to have used the same language the previous Legislatures had used in order to effect the intent of repealing all omitted laws. There could be no doubt about the meaning of the language used by said three previous Legislatures. The language of said repealing clause in the Acts of 1895 was in the following words: "Sec. 3. Be it further enacted, etc., * * * that all penal laws and all laws relating to criminal procedure in this state, that are not embraced in this act and that were not enacted by the Twenty-Third Legislature, and have not been enacted during the present session of this Legislature, be, and the same are hereby, repealed." And the language of the repealing clause in the two previous Codes was equally express and explicit.

Now, when the Legislature of 1911 came to consider the repealing clause, it did not adopt the language used by the three previous Legislatures, expressly repealing all omitted laws, but entirely omitted any repealing language, and in the language quoted above said: "Nothing in this act shall be construed or held to repeal or in any wise affect the validity of any law or act passed by this Legislature in its regular session." It will be noted that there are no words here expressly repealing any omitted law. No reference is made to omitted laws, and the fact that the Legislature omitted to use language *expressly repealing* omitted laws, as the previous Legislatures had done, is a strong circumstance indicating that it did not have the same intent in reference to omitted laws as had former Legislatures. It was competent for the Legislature to decline to pass on the question of whether they would repeal all omitted laws, and it is reasonable that they should have declined to repeal them, because they may not have known just what had been omitted, and it must be taken for grant-

ed that the Legislature knew that confusion had resulted in reference to merely omitted laws by reason of the strong repealing clauses in the previous Codes, therefore the Legislature exercised its legal right and power to decline to express itself upon omitted laws, leaving to the courts the question of construction as to what laws were repealed or modified, and what laws were not repealed or modified, by the Code; and it must be admitted that, without the Legislature using any repealing language in the Code, previous laws might be repealed by the provisions of the Code, or might be modified by its provisions under well-settled rules of construction—i. e., a previous criminal law would be repealed if the Code contained another law on the subject completely dealing with and disposing of the subject-matter; for the presumption would be that the Legislature, having completely dealt with the subject in the Code, intended to repeal any previous law on the subject, and if a provision of the Code dealt partially with the subject-matter of the previous criminal statute, but not completely, such latter provision of the Code might be held to qualify or modify or amend the previous law on the subject, and other instances too numerous to mention will suggest themselves to the legal mind. Doubtless some would suggest that it would have been better for the Legislatures to have said whether they intended to repeal previous laws or not. Our answer to this is that we are not discussing that question. That was a matter for the Legislature to determine. It is only pertinent to this discussion to say that the Legislature had the power and the right to determine for itself whether it would undertake to relieve the courts of the difficulties of construction as to what previous laws had been repealed or modified by implication, and it decided not to relieve the courts, but to leave such matters to them by refraining from the use of any language which can be construed as a repealing clause affecting omitted laws. But why did the Legislature use the language which is contended by some as being equivalent to a repealing clause, to wit: "Nothing in this act shall be construed or held to repeal or in any wise to affect the validity of any law or act passed by this Legislature in its regular session." We confidently assert that this language was not intended in any sense as a repealing clause, but that it was intended for and is perfectly effective to accomplish an entirely different result, and, being intended to accomplish a different result, cannot be construed into a repealing clause by implication. We contend that the Legislature, having *expressly declined* to adopt the repealing clauses of former Codes, passed over the question of repeal, and left that matter to construction as above indicated, and that they took up an entirely different subject, and for an entirely different purpose used the language just above quoted, and we will now call the court's attention specially to this language and its proper place and classification in the legal history of the state.

In the case of Cain v. State, 20 Tex. 358, to which we refer, the court, in discussing the question as to whether a provision of a Code adopted at a given session repealed the provisions of a criminal act adopted at the same session on a previous day, said: "The rule is that in the construction of acts of the same session the whole must be taken and construed as one act, and to make a later provision repeal a former there must be an express repeal or an irreconcilable repugnancy between them, and then the latter will control."

Under the rule thus announced, if the provision of the Code adopted toward the latter part of the session of the Legislature should conflict with a criminal law passed by the Legislature at the same session on a previous day, the provision of the Code would repeal the former law. Thus it had been held by the Supreme Court in said case in an opinion by Mr. Justice Wheeler, and no doubt the rule thus announced is sound.

Again, if a provision of the Code adopted at the latter part of a session of a Legislature should not be wholly inconsistent with any act of that Legislature, so as to repeal it, its language would have to be construed in connection with the act of the Legislature, one modifying the other, and by construction the court would be forced to determine the true intent of the Legislature as thus expressed in its different acts at the same session relating to the same subject. But the Legislature of 1911 did not intend that the rule laid down in the Cain Case should apply in construing the Code, when any of its provisions should come into direct or partial conflict with the acts passed by the Legislature of 1911, in its regular session; but they expressly provided that nothing in the Code should be construed by the courts or held by them either to repeal or to in any way affect the validity of any act of the Legislature of 1911 passed at its regular session. The Legislature thus reversed the rule of construction in the Cain Case, and laid down the rule that the acts of the Legislature of 1911 passed at its regular session should not in any case be repealed or affected by any provision of the Code. Therefore, under this new rule of construction laid down for this particular Code and the acts of 1911 at the regular session, an act of the Legislature of 1911 passed before the adoption of the Code would take precedence over a provision of the Code that might be wholly inconsistent with it. Therefore it is clear that section 4 above quoted is a rule of construction merely, and sets aside the rule in the Cain Case as to said Code and the acts of the regular session of the Legislature of 1911; and, having that specific object and

that specific application, it would be wholly illogical and unwarrantable to treat it as a repealing clause, destroying the validity of acts of previous Legislatures which were not included either in the Code thus being adopted or in the act of the Legislature of 1911. To treat it as such repealing clause would be creating an intent for the Legislature which it did not have, would be applying a statute having a plain, simple object in view to an object wholly foreign to the mind of the Legislature in its enactment, would be a striking down by the courts of important laws which the Legislature had not seen fit to strike down, and which it only has the lawful right to do.

Again, the Legislature, in the use of the language in said section 4 of the Code of 1911, expressly says that nothing in the Code shall be construed or held to repeal or in any wise affect the validity of any law or act passed by that Legislature. It has thus declared a specific intent that nothing in the Code, no language therein contained, shall be so applied or construed by the courts as to repeal or affect any act of that Legislature; that is, the Legislature of 1911. This *expressed intent* must be given effect. Then how can it be held that the act of the Legislature, passed on the same day the Code was adopted, amending said hunting law of 1899, was in effect repealed or prevented from taking any effect or modified by anything in the Code? How can it be held that said provision of the Code, which expressly gives to all acts of the Legislature of 1911 precedence over the Code, effected a repeal or prevented the taking effect of said act of the Legislature of 1911, passed on the same day, amending and applying to new counties said hunting law? It would seem that such a contention is a legal impossibility. If a provision of the Code should be found inconsistent with said act amending the hunting law, passed the same day the Code was passed, it is clear that said section 4 of the Code shows a legislative intent that said amending law shall take precedence.

We submit that we have demonstrated that there is no *intent of the Legislature expressed* or deducible by fair construction to repeal any omitted law, and especially said hunting act of 1899; but we contend that there is found in the act of the Legislature of 1911 an *expressed intent* that said hunting act shall continue in full force and effect, for this: That said provision of the Code shows that the act of the Legislature of 1911 at its regular session shall have precedence over any provision of the Code, and that the Legislature thereby expressed an intent that any other law it passed at that session should take effect as fully and completely as if the Code had not been enacted, and that by passing said act amending the hunting act of 1899 on the same day the Code was passed was evidenced an unmis-

takable intent on the part of the Legislature that the hunting act, with all its amendments, should continue in effect notwithstanding the Code or any of its provisions. We have thus an *expressed intent of the Legislature* that the hunting act should continue in effect, for this amending act must be read together with the Code, giving its provisions precedence over the Code under the legislative rule of construction laid down above, and when it is so read the legislative intent that the hunting act shall continue in effect is expressed, and not left to construction or implication.

In conclusion, we respectfully submit that the mere omission from the Code of previous laws does not necessarily repeal or modify them; but whether they are repealed or modified must be left by the Legislature to be worked out by the courts under the ordinary rule of construction, and that, there being nothing in the Code dealing with the subject-matter of said hunting law of 1899, it could not be construed to have been repealed, and that by reason of said amendment of said hunting law of 1899 the *legislative intent* that it should continue in force was placed beyond question.

We consider the above argument as conclusive of the question, but in closing we wish to remark that it is evident that the provisions of chapter 1 of title 1 of the Code were not intended as repealing clauses, for they all had other and distinct purposes, and in the original Codes they were not so treated, because there were express repealing clauses as above indicated.

We submit the following authorities as bearing more or less on the principles usually applied in determining such cases, but not claiming that they are directly in point in this particular case for the reasons above discussed: State v. Cunningham, 72 N. C. 476; State v. Burgess, 101 Tex. 524, 109 S. W. 922; Commonwealth v. Grinstead, 108 Ky. 59, 55 S. W. 723; Conley v. Commonwealth, 98 Ky. 125, 32 S. W. 287; Wetzell v. City of Paducah (C. C.) 117 Fed. 647; Bird v. Sellers, 122 Mo. 23, 26 S. W. 668; Hubbard v. Gates, 228 Mo. 610, 129 S. W. 4; Clark v. State, 171 Ind. 104, 84 N. E. 984, 16 Ann. Cas. 1229; Hammer v. State, 173 Ind. 199, 89 N. E. 850, 24 L. R. A. (N. S.) 795, 140 Am. St. Rep. 248, 21 Ann. Cas. 1034.

HARPER, J. Appellant was prosecuted and convicted of hunting in inclosed lands of another, said inclosure being posted and containing more than 2,000 acres. Appellant admitted that the pasture was inclosed, posted, and contained more than 2,000 acres of land in the inclosure; his whole contention being that no law of this state made it an offense to hunt in such an inclosure.

[1] His first contention is that the act of the Legislature of 1899 repealed article 804 of the Penal Code (Acts of 1895), and that

the Act of the Legislature of 1903 repealed the act of 1899. By reference to the acts it will be seen that article 804 of the Code of 1895 did not apply to inclosures of 2,000 acres or more (article 805). The act of 1899 specifically states in section 4 that it does not repeal articles 804 and 805 of the Code of 1895, and section 2 of the act of 1903 specifically provides that it does not apply to inclosures containing 2,000 acres or more. So the first contention cannot be sustained, and we find that the laws of this state in 1903 provided that one who shall hunt within the inclosed lands of another, containing less than 2,000 acres, without the consent of the owner, shall be punished by a fine not less than $10 nor more than $100, while one who shall hunt within the inclosed lands of another, containing more than 2,000 acres, without the consent of the owner, which land has been posted, shall be punished by a fine not exceeding $200; the distinction in the two acts being that in inclosed lands of less than 2,000 acres the lands need not be posted, while in inclosures of 2,000 acres or more, at each entrance, the owner must conspicuously notify the public that it is "posted"—the punishment varying. This is a proper distinction and classification, and neither act repealed the other.

The other question raised may be said to be one of more difficulty. In 1909 (Acts 1909, c. 75) the Legislature provided for a codification of the laws; but no one, we think, can contend that the Legislature conferred on this codifying board or commission power or authority to enact or repeal any law, and it did not attempt to do so. The only question in this case is whether the Legislature, in adopting the report of this codifying board or commission, did repeal any law theretofore legally adopted by the Legislature. The codifying commission brought forward in the Code arranged by them the act of 1903, and numbered it article 1255, and entirely omitted from this Code, so prepared, the act of the Legislature of 1899, which applied to inclosures containing 2,000 acres or more. In 1911 the Legislature enacted this Code by bill, providing:

"Section 1. That the following titles, chapters and articles shall hereafter constitute the Penal Code of the state of Texas."

"Sec. 4. Nothing in this act shall be construed or held to repeal, or in any wise affect, the validity of any law or act passed by this Legislature in its regular session."

Thus it is seen that the laws passed by the Legislature assembling in January, 1911, were specifically exempted from repeal, but no other acts were so specifically exempted. The act punishing hunting or fishing on the inclosed posted lands of another, containing 2,000 acres or more, was passed in 1899, and the Code prepared by the codifiers and adopted by the Legislature in 1911 did not in any provision thereof deal with hunting on inclosed lands of another of 2,000 acres or more. The Code or bill as enacted did not specifically repeal this law; but it did provide that the "titles, chapters, and articles shall hereafter constitute the Penal Code." Thus it is seen that, if the act of 1899 is repealed, it is repealed by implication, and by no specific provision of the Code or act of the Legislature. No one had the authority to repeal, except the legislative body of this state.

[2, 3] In that excellent work, Cyclopedia of Law, vol. 36, page 1071, it is said: "A Legislature may express its will in any form—affirmative or negative—that it pleases, so long as it does not transgress constitutional prohibitions. It is under no obligation to use words of express repeal. But the repeal of statutes by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed. It follows that, where the intention not to repeal is apparent or manifest from an act, there is no room for repeal by implication, or the application of rules regarding implied repeal" —citing authorities from Alabama, California, Colorado, Georgia, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Pennsylvania, Tennessee, Virginia, Washington, Wisconsin, and other states, showing that the great weight of authority favors the rule as thus announced.

[4-7] In American & English Encyclopedia of Law, vol. 26, p. 717 et seq., it is said: "An express repeal of a statute may be accomplished, as the term implies, only by positive enactment. Therefore a recital in the title of an act that its purpose is to repeal a previous act is not of itself sufficient for that purpose, because the title is not an operative part of the act. There must be a repealing clause in the body of the statute. But, inasmuch as the question of repeal is always one of legislative intent, an express declaration that a particular statute is repealed will not be given effect where it is apparent that the Legislature did not so intend. Where an act is passed covering the whole of a particular subject or field of legislation, it is customary to insert a general clause repealing 'all acts or parts of acts inconsistent therewith,' and such a clause is effective in repealing inconsistent enactments, in the absence of any constitutional prohibition against such method of repeal; but the repeal extends only to those acts on the same subject, or parts of such acts, clearly inconsistent and irreconcilable with the provisions of the repealing act, and only to the extent of the conflicting provisions. A statute is

repealed by implication whenever it becomes apparent from subsequent legislation that the Legislature does not intend the earlier act to remain in force, and the converse of this proposition is that no statute will operate as an implied repeal of an earlier statute, if it appears that the Legislature did not intend it so to operate. Though repeal by implication is not favored, it necessarily results in any case of repugnancy or inconsistency between two successive statutes, or in any case where the intention of the Legislature is manifest that a later statute should supersede an earlier one. Repeals by implication are not favored, and will not be indulged, unless it is manifest that the Legislature so intended. As laws are presumed to be passed with deliberation and with full knowledge of all existing laws on the subject, it is but reasonable to conclude that in passing a statute it was not intended to interfere with or abrogate any former law relating to the same matter, unless the later act is either repugnant to the earlier one, or fully embraces the subject-matter, thereof, or unless the reason for the earlier act is beyond peradventure removed"—citing authorities from almost every state in the Union.

[8] There being in the Code of 1911 no express repeal of the act of the Legislature of 1899, and no provision of the Code of 1911 dealing with the subject of the act of the Legislature of 1899, we are of the opinion that the act of the Legislature, adopting the codification of the laws as prepared by the commission, did not repeal the act of 1899, and it is still in full force and effect. Had the act of the Legislature in adopting the codification contained an express repealing clause, or had the Code as thus adopted dealt with the subject of hunting in inclosures containing 2,000 acres or more, a more difficult question might have been presented. But as the Code prepared by the codifiers does not deal with this subject, and there is no express repealing clause contained in the act adopting this Code, we are of the opinion that the act of 1899, punishing persons for hunting in the inclosed posted lands of another, containing 2,000 acres or more, has not been repealed, and the act of 1899 is in full force and effect, and, being of this opinion, the judgment is affirmed.

Excellent briefs have been filed in this case by Denman, Franklin & McGown and Searcy & Browne, and they have been of very material aid to us, and they will be published in connection with this opinion.