

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 27, 1967

Honorable Ogden Bass          Opinion No. M-163
Criminal District Attorney
Brazoria County               Re: Construction of House Bills
Angleton, Texas  77515            780 and 788, Acts of the 60th
                                  Legislature.

Dear Mr. Bass:

In your opinion request you ask the following questions:

"(1)  In your opinion, does House Bill 780 repeal by implication Articles 666-17 and 802e, Texas Penal Code (1925), insofar as these statutes apply to persons under fifteen years of age and, if so, is such repeal limited to the 'conviction' of such persons so that the laws of arrest, search and seizure remain applicable to such persons?

"(2)  In your opinion does House Bill 788 impliedly repeal Articles 27.14 and 45.33, Texas Code of Criminal Procedure (1965), insofar as these articles apply to the class of persons designated in Article 802e, Texas Penal Code (1925), so as to preclude such persons from disposing of cases without a personal appearance in open court?

"(3)  In your opinion does House Bill 788 have the effect of enlarging Articles 42.01, 42.15, 42.16 and 45.50, Texas Code of Criminal Procedure (1965), to require that judgments entered in cases filed under Article 802e, Texas Penal Code (1925), recite not only the personal appearance of the defendant in open court but also that of his parents or guardian or, if the presence of the parents or guardian is waived by the court, the facts surrounding such waiver?"

An implied repeal of a statute is a matter of legislative intent.  Rogers v. Watrous, 8 Tex. 62 (1852); St. Louis & S.W. Ry. Co. v. Kay, 85 Tex. 558, 22 S.W. 665 (1893); First National Bank v. Lee County Cotton Oil Co., 274 S.W. 127 (Comm.App. 1925); Berry v. State, 156 S.W. 626 (Tex.Crim. 1913).

A repeal of statutes by implication is never favored or presumed.  53 Tex.Jur.2d 151, Statutes, Sec. 102, and 22 Texas

cases cited therein.

A repeal by implication will be adjudged only if this result is inevitable or was plainly intended by the Legislature. Parshall v. State, 138 S.W. 759 (Tex.Crim. 1911); Berry v. State, 156 S.W. 626 (Tex.Crim. 1913); Texas & M.O. Ry. Co. v. Kelso, 250 S.W.2d 426 (Tex.Civ.App., 1952, error ref., n.r.e.).

House Bill No. 780, Acts 60th Legislature, Regular Session, Chapter 475, p. 1082, among other things, amended Article 30, Vernon's Penal Code, so that said article now provides:

"Art. 30. Children not punishable.

"Sec. 1. No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age; and for perjury only when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath.

"Sec. 2. No male under 17 years of age and no female under 18 years of age may be convicted of an offense except perjury unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings.

"Sec. 3. No person who has been adjudged a delinquent child may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceedings."

Section 1 of Article 30, as amended, clearly prohibits the conviction of a person for any offense committed before he was fifteen years of age except perjury, and then only upon proof that he had sufficient discretion to understand the nature and obligation of an oath. Consequently, children under fifteen years of age cannot be held responsible for a misdemeanor except through proceedings in the juvenile court. However, we do not believe that this inhibition applies to children fifteen years of age or over.

House Bill 780, only amended Sections 3, 5, 6, 12 and 13 of Article 2338-1, Vernon's Civil Statutes. The changes made in Sections 12 and 13 have no bearing on your questions.

The only change in Section 3 of Article 2338-1, Vernon's Civil Statutes, was in the first sentence and the phraseology was changed, without a change in meaning. Section 5 of Article 2338-1 both before and after the amendment provides that the juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. It is clear that the juvenile court does not have jurisdiction of a child who commits a misdemeanor where the punishment is by fine only, unless such child habitually commits a violation of such law.

In House Bill 780 the Legislature amended both Article 2338-1, a civil statute, and Article 30, a penal statute. In the caption of the Act, it was stated that the Act related only to certain offenses and gave the juvenile court exclusive jurisdiction in certain cases. In the purpose clause of the Act, the Legislature stated that it intended to give the juvenile court exclusive jurisdiction in cases where children were below the age of fifteen years; provide a procedure for the juvenile court to waive jurisdiction in cases involving children over fifteen years of age; and to prevent proceedings against a child in both the juvenile court and in the district court. In our opinion, it was the intent of the Legislature to make exclusive provision only for children over fifteen years of age who came within the jurisdiction of the juvenile court. Since they are both part of the same Act, the amendments to Article 30, must necessarily be construed with subsection (b) of Section 6 of Article 2338-1 which provides:

> "(b) If a child is charged with the violation of a penal law of the grade of felony and was fifteen years of age or older at the time of the commission of the alleged offense, the juvenile court may, within a reasonable time after the alleged offense, waive jurisdiction by following the requirements set out in Subsections (c) through (j) of this section, and transfer the child to the appropriate district court or criminal district court for criminal proceedings."

Construing together these provisions of House Bill 780, it is our opinion that the Legislature intended only to prevent prosecution of children fifteen years of age or over when the juvenile court has jurisdiction of the offense committed by such children. We are strengthened in this position because House Bill 788, effective the same date, amended Article 802e, Vernon's Penal Code, to require the appearance of the parents of the child in open court when he was being prosecuted under the provisions of that Act. The entire statute was not re-enacted. Certainly the Legislature did not intend to amend the law, by adding an additional provision to a statute which it had repealed by implication.

For a number of years, male children nine years of age or over and under seventeen years of age and female children nine years of age or over and under eighteen years of age have been required to appear and answer misdemeanor charges, not involving punishment by confinement in jail, and if found guilty have been fined in accordance with the penal laws of this state. We do not believe that the Legislature intended to change the law in this respect as to male children over fourteen years of age and under seventeen years of age, and female children over fourteen years of age and under eighteen years of age and to allow such children who commit misdemeanor offenses not punishable by confinement in jail, to avoid all restrictions imposed by law and to escape the consequences of their act.

Although Article 30, as amended, prohibits the trial of children under fifteen years of age in any court other than a juvenile court for any offense, no attempt has been made to repeal any other existing laws. Consequently, the present laws of arrest, search, and seizure have in no manner been affected.

In answer to your question Number (2), it is our opinion that House Bill 788 precludes those children charged with violations under Article 802e from disposing of their cases without a personal appearance in open court. We are of the further opinion that House Bill 788 requires that one or both parents or guardians be present during all proceedings in the case unless this requirement is waived by the court in those cases in which, after diligent effort, the court is unable to locate them or to compel their attendance. The judgment should recite that one or both of the child's parents or guardians

appeared at the trial. It is our further opinion that it would be advisable to recite such facts in the judgment to minimize subsequent attack on appeal on this issue. Of course, if the parents or guardians did not appear, the court should recite those facts which caused the court to grant the waiver of this requirement.

Articles 42.15 and 45.50, both of Vernon's Code of Criminal Procedure, provide that upon conviction in a criminal case where the defendant is only fined, that the defendant be committed to jail until such time as said fine and costs are paid. Article 802e, Section 2, provides:

> "No such minor, after conviction or plea
> of guilty and imposition of fine, shall
> be committed to any jail in default of
> payment of the fine imposed, but the
> court imposing such fine shall have
> power to suspend and take possession
> of such minor's driving license and
> retain the same until such fine has
> been paid."

It is the opinion of this office that said Section 2 of Article 802e is controlling over both Articles 42.15 and 45.50 and that the child who does not pay his fine and court costs when convicted of an offense set forth in Article 802e should be handled in accordance with the provisions of Article 802e and may not be committed to jail in accordance with the provisions of Articles 42.15 and 45.50.

Since Article 42.16, Vernon's Code of Criminal Procedure, deals only with those cases in which punishment is other than by fine, and since the punishment prescribed by Article 802e is by fine only, Article 42.16 is not applicable to convictions obtained under Article 802e.

## SUMMARY

H. B. 780, Chapter 475, 60th Legislature, Regular Session, 1967, Page 1082, amending Article 2338-1, Vernon's Civil Statutes and Article 30, Vernon's Penal Code, prevents the conviction of children under the age of fifteen years for the commission of any offense except perjury, but does not

prevent trial and conviction of children fifteen years of age and older. The statutes relating to arrest, search and seizure are not affected by these amendments.

H. B. 788, Acts 60th Legislature, Regular Session, Chapter 476, Page 1086, requires the presence of a child tried under the provisions of Article 802e and also requires the appearance of the child's parents or guardians unless this is waived by the court in accordance with the provisions thereof.

In the case of the conviction of a child under the provisions of Article 802e, the judgment must recite the fact that the child appeared in person in accordance with Article 42.01, Vernon's Code of Criminal Procedure. Although not mandatory, it is advisable for the judgment to also recite the fact that the child's parents or guardians appeared in court or, in the case of the waiver of their appearance by the court, the fact of such waiver and reasons therefor.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Sam Kelley
Lonny Zwiener
John Banks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.