

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1712
Re:  Tax on machines operated by 1¢ coins

We take the following statement from your letter
of November 17, 1939:

"Vernon's Annotated Civil Statutes, 1939 edition,
has published a tax on coin-operated machines under
subdivision 23 of Article 7047, page 131, which
this Department thought was repealed or superseded
by subsequent Acts.

"In order to present the question clearly it is
necessary to review the five Acts levying a tax
on coin-operated machines which have been enacted
since the Civil Statutes were revised in 1925.

"Summary of The Coin-Operated Machine Tax Laws

"1. Ch. 212, Regular Session, 42nd Leg., amended
subdivision 23, Art. 7047, Revised Civil
Statutes of 1925. Effective August 26, 1931.
All laws in conflict repealed.  It levied
the following taxes:

Machines operated by coins in excess of 5¢,
tax . . . . . $10.00.
Machines operated by coins of 5¢,
tax . . . . . 5.00.
Machines operated by coins of 1¢,
tax . . . . . 1.00.

"2. Ch. 168, Section 11a, Regular Session, 43rd Leg.,
amended subdivision 23, Article 7047, Ch. 1,
Title 122, Revised Civil Statutes 1925, as amend-
ed by Ch. 212, Regular Session, 42nd Legislature.
Effective August 22, 1933.  Amendatory Act with
no repealing section.  This is the Act published
in the 1939 edition of Vernon's Civil Statutes
which reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'23. COIN OPERATED VENDING MACHINES. -- FROM EVERY OWNER, MANAGER, OR EXHIBITOR OF EVERY COIN OPERATED PHONOGRAPH, ELECTRICAL PIANO, ELECTRICAL BATTER, GRAPHOPHONE, WEIGHING MACHINE, TARGET PISTOL, MINIATURE GOLF MACHINE, MINIATURE FOOTBALL MACHINE, MINIATURE BASEBALL MACHINE, MINIATURE RACE TRACK STEREOSCOPIC MACHINE, GUM MACHINE, CANDY, MACHINE, CIGARETTE MACHINE, HANDKERCHIEF MACHINE, SANDWICH MACHINE, OR ANY OTHER CLASS OR KIND OF MACHINE, WHETHER ENUMERATED OR NOT, WHERE A FEE IS CHARGED, WHICH IS USED FOR THE PURPOSE OF AMUSEMENT, ENTERTAINMENT OR FOR VENDING COMMODITIES, MERCHANDISE, CONFECTIONS, OR SERVICE OF ANY KIND AND WHICH IS OPERATED BY COINS OR METAL SLUGS OR TOKENS SIMILAR TO COINS, WHERE SUCH FEE IS IN EXCESS OF FIVE (5) CENTS, AN ANNUAL TAX OF TEN DOLLARS ($10.00), ON EACH MACHINE; WHERE SUCH FEE IS FIVE (5) CENTS, AN ANNUAL TAX OF FIVE DOLLARS ($5.00), ON EACH MACHINE; AND WHERE SUCH FEE IS ONE (1) CENT, AN ANNUAL OCCUPATION TAX OF ONE DOLLAR ($1.00) FOR EACH MACHINE; PROVIDED THAT FROM EVERY OWNER, MANAGER, OR EXHIBITOR OF EVERY COIN OPERATED MARBLE MACHINE, MARBLE TABLE MACHINE, MARBLE SHOOTING TABLE, OR MARBLE MACHINE OF ANY DESCRIPTION, WHETHER ENUMERATED OR NOT, WHERE A FEE IS CHARGED, WHETHER USED FOR THE PURPOSE OF AMUSEMENT, ENTERTAINMENT, OR FOR VENDING COMMODITIES, MERCHANDISE, CONFECTIONS, OR SERVICES, OF ANY KIND, AND WHICH IS OPERATED BY COIN OR METAL SLUGS OR TOKENS SIMILAR TO COINS OR METAL SLUGS WHERE SUCH FEE IS ONE (1) CENT OR MORE, AN ANNUAL OCCUPATION TAX OF TEN DOLLARS ($10.00) FOR EACH MACHINE; PROVIDED THAT THE PROVISIONS OF THIS SUBDIVISION SHALL NOT APPLY TO PAY TELEPHONES AND GAS METERS WHICH ARE OPERATED WITH COINS. IT SHALL BE UNLAWFUL TO OPERATE, SHOW OR EXHIBIT ANY OF THE MACHINES OR INSTRUMENTS COVERED BY THIS SUBDIVISION WITHOUT HAVING ANNEXED OR ATTACHED THERETO WHERE SAME IS PLAINLY VISIBLE, THE TAX RECEIPT COVERING SUCH MACHINE OR INSTRUMENT FOR THE CURRENT YEAR FOR WHICH SAME IS OPERATED, SHOWN OR EXHIBITED; PROVIDED THAT ALL FUNDS DERIVED FROM THE OCCUPATION TAX ON SUCH MARBLE MACHINES SHALL BE PLACED TO THE CREDIT OF THE STATE AVAILABLE SCHOOL FUND. ACTS 1897, 1ST C. S., P. 49; ACTS 1931, 42ND LEG., P. 355, CH. 212; ACTS 1933, 43RD LEG. P. 409, CH. 162, § 11a.'

"3. Ch. 116, First Called Session 43rd Leg., was not an amendatory Act but was passed as a separate Act. Effective November 1, 1933. It levied the same tax as the above cited Ch. 162, and contained practically the same language except that it exempted pay toilets and sanitary drinking cups which were not exempt in Ch. 162. All laws and parts of laws in conflict were repealed.

"4. Ch. 354, Regular Session 44th Leg., amended Ch. 116, to read thereafter as enacted. Effective May 30, 1935. No repealing provision. This amendatory Act dropped the tax on all type 1 cent machines. It levied the following tax:

Machines operated by coins in excess of 5¢,
.... tax $20.00.
Machines operated by coins in excess of 1¢,
.... tax $10.00.

"The tax on 1 cent machines in this Act (Ch. 354) was dropped. The entire Act, however, was held invalid by a Travis County District Court but was not affirmed by the Court of Civil Appeals until after the Act was repealed by Chapter 495, as set out in the following paragraph. See Sheppard v. Giebel, Civ. App. 110. S. W. 2nd 166.

"5. Ch. 495, Art. 3, Sec. 4, Third Called Session, 44th Leg., was not an amendatory Act but was passed as a separate Act. Effective October 31, 1936. It repealed Ch. 354 and Ch. 116, the two Acts next preceding in the order named and further repealed 'all laws and parts of laws that conflict herewith.' This Act is the present coin-operated machine law. It levied the following taxes:

Merchandise or Music Coin Machines (as defined)

Machines operated by coins in excess of 5¢,
.... tax $20.00.
Machines operated by coins in excess of 1¢
and not exceeding 5¢
.... tax $ 2.50.

Skill or Pleasure Coin-Machines (as defined)

Machines operated by coins in excess of 5¢,
.... tax $60.00.
Machines operated by coins in excess of 1¢
but not exceeding 5¢
.... tax $30.00.

No tax was levied on 1¢ machines."

The question which you submit to this department is whether or not the tax on machines operated by a 1¢ coin, has been repealed or superseded by subsequent Acts.

Where it is apparent that a statute is intended by the Legislature to embrace all the law upon the subject with which it deals, it supersedes all former laws relating to the same subject. The question of repeal, therefore, whether express or implied, is one of legislative intent. See Rogers v. Watrous, 8 Tex. 65; Federal Southwestern Railway Co. v. Kay, et al, 85 Tex. 558; First National Bank v. Lee County Cotton Oil Co., 274 S.W. 127; Berry v. State, 156 S.W. 626; State v. Texas & New Orleans Ry. Co., 125 S.W. 53; Fortenberry v. State, 48 S.W. (2d) 146.

"... When the new statute in itself comprehends the entire subject and creates a new, entire, and independent system respecting the subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter."

The caption heading House Bill No. 8, passed by the Third Called Session of the 44th Legislature (Ch. 495, Acts of the 44th Legislature, 3rd C.S., p. 2040), declares that the Act provides for "levying a tax upon coin-operated machines, exempting certain classes of machines, providing for the collection of such tax, including penalties; ..." Section 4 of the Act contains comprehensive provision levying a tax in varying amounts upon coin-operated machines in Texas, defining terms, and providing for the collection of such taxes. The first portion of Section 4 defines terms; next, the Legislature levies an annual occupation tax upon each "merchandise or music coin-operated machine," scaling the tax thereon according to the amount of money used to operate the machines, but providing no tax upon machines operated by coins or tokens of the value of 1¢ or less; next the Legislature levies a tax upon each "skill or pleasure coin-operated machine," scaling the tax according to the value of the coin or token used to operate the machine, but levying no tax upon machines operated by coins or tokens of the value of 1¢ or less; following these provisions, certain exemptions are made; the Legislature then proceeds to set up a comprehensive scheme of enforcement and collection, next disposition of the revenue to be derived from such occupation tax, and concludes such Section of the Act by providing that Chapter 118, Acts of the 1st Called Session of the 43rd

Legislature, as amended by Chapter 354, Acts of the Regular
Session of the 44th Legislature, and all laws and parts of
laws that conflict with the provisions of House Bill 8 are
in all things repealed.

It is our opinion that it was the legislative intent
to provide a comprehensive scheme of taxation of coin-operated
machines in Texas, and that it intended that the provisions
of House Bill 8 should supersede all other laws pertaining
to the same subject. It follows that it is our opinion that,
since the Legislature, in House Bill No. 8, made no provision
for taxing coin-operated machines operated by coins or tokens
or their value of 1¢ or less, that the laws theretofore passed
by the Legislature levying a tax on machines operated by
coins or tokens of the value of 1¢ or less were intended to
be superseded and annulled by the provisions of House Bill 8.

Our conclusions in this respect are fortified by
the fact that the Legislature saw fit expressly to repeal
Chapter 116, First Called Session, 43rd Legislature, the pro-
visions of which were practically identical with those of
Section 11a, Chapter 162, Regular Session, 43rd Legislature,
and which levied a tax upon coin-operated machines operated
by coins or tokens of the value of 1¢ or more.

You are therefore advised that it is the opinion of
this department that the provisions of the law preceding House
Bill No. 8, Chapter 495, 3rd Called Session, 44th Legislature,
were superseded and annulled completely by the provisions of
House Bill No. 8, and that therefore the provisions of such
Acts levying a tax on coin-operated machines operated by coins
of the value of 1¢ are no longer in effect.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED DEC 19, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN