**Henry WILLIS, Appellant,**
v.
**The STATE of Texas, Appellee.**
**Nos. 67223, 67224.**
Court of Criminal Appeals of Texas,
En Banc.
May 23, 1984.

Mike Barclay, Dallas (court-appointed), for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, John W. Booth and Martin LeNoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was charged by one indictment with unlawful delivery of heroin and by another indictment with unlawful possession with intent to deliver heroin. The cases were consolidated for trial; the jury convicted appellant of both offenses. Punishment, enhanced by one prior conviction in each indictment, was assessed by the court in each case at confinement for twenty-five years.

Appellant asserts three grounds of error, one dealing with each of the court's charges on guilt or innocence, the third alleging that the trial court erred in overruling appellant's motion to suppress evidence in both cases.

Appellant did not object to the charges; neither did he request any additional instructions. Therefore, review of the charges will be limited to a determination of fundamental error. See *Almanza v. State*, —— S.W.2d ——, No. 242-83 (delivered February 8, 1984) (Clinton, J., dissenting) (second rehearing granted). *White v. State*, 610 S.W.2d 504 (Tex.Cr.App.1981); *Thomas v. State*, 599 S.W.2d 812 (Tex.Cr.App.1980).

Appellant contends that the charge in Cause No. F-80-5749-H, the unlawful delivery case, allowed the jury to convict him on a theory not alleged in the indictment. The application paragraph of the charge tracked the allegations in the indictment verbatim. The definitional paragraph defined unlawful delivery in the words of the statute:

A person commits the offense of unlawful delivery of a controlled substance if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or delivery a controlled substance.

See Art. 4476-15, Sec. 4.03, V.A.C.S.

Appellant contends that, because the definition includes the offense of possession with intent to deliver, the charge allowed the jury to convict upon a theory not alleged in the indictment.

To determine whether the charge is fundamentally defective we look to the paragraph applying the law to the facts, *Lewis v. State*, 656 S.W.2d 472 (Tex.Cr.App.1983); *Thomas v. State*, 587 S.W.2d 707 (Tex.Cr.App.1979); *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), which as noted above, tracks the indictment. No fundamental error is presented.

We note further that, although the better charging practice is to limit the definitional paragraphs to the portions of the statute applicable to the allegations of the indictment and not to define other means of committing the offense, it is not reversible error to include entire definitions. *Boston v. State*, 642 S.W.2d 799, 802 (Tex.Cr.App.1982); *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977); *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976); *Grudzien v. State*, 493 S.W.2d 827 (Tex.Cr.App.1973).

No error is presented. Appellant's first ground of error is overruled.

In a similar ground appellant contends that the charge in Cause No. F-80-5731-H, the possession with intent to deliver case, is fundamentally defective because the definitional portion is incorrect and includes a definition of the offense of delivery of a controlled substance. The paragraph reads:

A person commits the offense of unlawful delivery of a controlled substance if he knowingly or intentionally manufactures, delivers or possesses with intent to

manufacture or deliver a controlled substance.

The definition is a correct one that tracks the statute. See Art. 4476–15, Sec. 4.03, V.A.C.S. Our previous discussion of definitional paragraphs applies equally to this ground of error. The application paragraph follows the allegations in the indictment. No error is presented by the charge.

The ground of error is overruled.

Appellant complains of the overruling of his motion to suppress evidence. On January 31, 1980 Dallas police officer Jerry W. Foster telephoned appellant in Fort Worth and arranged to meet him in Dallas later that morning in order to buy heroin from appellant. Foster and other police officers then mapped out a surveillance plan.

Foster drove to the pre-arranged meeting place. Three officers drove together in another car and a fifth officer drove alone to the meeting place. The three officers parked about two blocks away from the site of the meeting.

Appellant drove up next to Foster's car and stopped. He left his car and entered Foster's. Appellant removed five balloons[1] from a plastic baggie and handed them to Foster; Foster handed appellant cash. Foster noticed that more balloons remained in the baggie after appellant had removed Foster's. Appellant then returned to his car and drove away. As appellant drove off, Foster signalled the other officers[2] who followed appellant, stopped him, arrested him, searched him, and seized drugs found on his person.

Appellant contends that the evidence seized pursuant to his arrest was illegal and the search incident thereto was thus illegal.

Appellant contends that Art. 14.04,[3] V.A. C.C.P. controls in this case and since the State did not present any evidence that he was about to escape the warrantless arrest violates Art. 14.04.

■ The State responds that Art. 14.01, V.A.C.C.P.[4] controls this case and no escape need be shown; we agree. Officer Foster personally purchased drugs from appellant. Foster saw other drugs in appellant's possession: appellant was committing an offense in Foster's presence and view.

Although Foster himself did not make the arrest, his situation is not like that of an informant under Art. 14.04 because he was part of a team of officers present at the scene of the offense. He had firsthand knowledge of the offense and relayed that knowledge to his fellow officers. Those officers watched appellant get into Foster's car, were aware of the prior telephone conversation setting up the deal, saw the pre-arranged signal from Foster confirming that appellant possessed drugs when he left Foster, and arrested appellant a few minutes later. Foster did not himself seize appellant, but he observed the arrest from about ¾ of a mile away. Foster was just as much a participant in the arrest as if he had seized appellant himself. There was no significant time lapse or other intervening event that would take this arrest out of the ambit of Art. 14.01.

By showing that the officer observed a crime being committed in his presence, the State has *a fortiori* met its constitutional burden to show that probable cause for arrest existed: that the facts and circum-

---

1. Laboratory analysis confirmed Foster's belief, eminently reasonable in the circumstances, that the balloons contained heroin.

2. By arrangement, the signal indicated that appellant still carried drugs.

3. Art. 14.04 states:
   Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

4. Art. 14.01(a) and (b) states:
   (a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.
   (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

stances within the officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense. *Britton v. State*, 578 S.W.2d 685 (Tex.Cr.App.1979). See *Gonzales v. State*, 638 S.W.2d 41 (Tex.App.—Houston, First Dist.1982).

The warrantless arrest of appellant was lawful and the drugs found by the search incident to that arrest were properly admitted into evidence.

Appellant's last ground of error is overruled; the judgments are affirmed.