**Thomas MORRIS, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–131–CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

July 5, 1985.

Charles F. Baird, Northwoods Park, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann and Karen Zellars, Asst. Dist. Attys., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Thomas Morris appeals from a jury conviction for theft of a motor vehicle. The jury assessed punishment, enhanced by one prior conviction, at 20 years' confinement and a fine of $740. In six grounds of error, appellant complains of (1) the improper admission of evidence seized pursuant to an invalid warrantless arrest, (2) an unnecessarily suggestive pretrial identification procedure, (3) an improper denial of his motion for new trial, and (4) ineffective assistance of counsel. We find no reversible error and affirm the trial court's judgment.

Sergeant R.L. Reed of the Houston Police Department's Auto Theft Division received a tip from a confidential informant that appellant had stolen a Camaro. The informant provided appellant's name, address, and general physical description. On July 20, 1983, Reed initiated surveillance of two stolen Camaros parked near units # 170 and # 172 of appellant's apartment complex; appellant resided in unit # 170. While Reed sat in an unmarked car observing the stolen Camaros, someone entered one of them and drove off. Reed apparently could not tell who the driver was or what apartment or direction he had come from, because passing traffic had blocked his view. Reed followed the Camaro as it pulled out of the complex and observed the driver stop to use a telephone outside a local convenience store. Reed continued surveillance when the driver returned to the car and again drove off.

Shortly thereafter, the driver apparently discovered he was being followed, because he suddenly executed a sharp U-turn across several lanes of traffic and increased his speed in the opposite direction. Reed pursued the Camaro and called for assistance. Officer Morris, who was on patrol in the area, joined the pursuit and observed the driver as he halted the Camaro and escaped over a wire fence through another apartment complex.

Later Sergeant Reed learned from an informant that appellant was scheduled for a meeting with Houston Probation Officer Randy Frisch on August 10, 1983. On this date, Reed met with Mr. Frisch regarding his investigation of the stolen vehicles. While Reed discussed the situation with Frisch, the appellant appeared for his appointment. Reed recognized appellant as the driver of the stolen Camaro and immediately effected a warrantless arrest for the unauthorized use of a motor vehicle. Appellant then ran from the officer but was soon captured in a wooded area outside the building and arrested a second time. Sergeant Reed seized certain items from appellant's custody pursuant to this arrest.

Ground of error one alleges trial court error in refusing to suppress the evidence obtained from appellant through an allegedly invalid warrantless arrest. Appellant contends that Sergeant Reed possessed sufficient information based upon the informant's tips and the officer's observation of the driver's physical characteristics during the car chase to obtain an arrest warrant before he met with Mr. Frisch. The State counters this argument with the assertion that although Sergeant Reed possessed this information, he did not know that appellant, the person who lived in apartment # 170, was actually the driver of the car whom he had observed, until he saw him at Mr. Frisch's office.

 In any event, we need not address the legality of the initial arrest for the unauthorized use of a motor vehicle. The appellant in this case also committed the offense of felony escape when he ran from Sergeant Reed after first being taken into custody. TEX.PENAL CODE ANN. § 38.-07 (Vernon 1974). Appellant committed this felony even if the original arrest from which he fled was unlawful. TEX.PENAL CODE ANN. § 38.09 (Vernon 1974). Therefore, appellant's attempted escape provided probable cause for the second warrantless arrest, and the evidence seized pursuant to this second arrest was properly admitted into evidence. TEX.CODE CRIM. PROC.ANN. arts. 14.01 & 14.04 (Vernon 1977); *Willis v. State,* 669 S.W.2d 728, 730 (Tex.Crim.App.1984) (en banc). Ground of error one is overruled.

 Appellant contends in ground number two that he was denied due process because of an unnecessarily suggestive pretrial identification procedure. Sometime after the August 10th arrest, Sergeant Reed took one picture of the appellant to Officer Morris for identification of appellant as the driver of the Camaro. Appellant contends this procedure was unnec-

essarily suggestive and conducive to irreparable misidentification. We find no merit in this assertion, however, because of the officers' testimony at trial. The officers testified that they are highly trained observers and that they clearly observed the appellant during the surveillance and subsequent car chase on July 20, 1983. Although their opportunity to view the appellant was relatively brief, they stated that their positive identification was based upon the events of that day and not upon any photograph. *United States v. Wade,* 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967). Under the totality of circumstances in this case, we conclude that the likelihood of irreparable misidentification was minimal. *See Garza v. State,* 633 S.W.2d 508, 512–513 (Tex.Crim.App. 1982) (opinion on state's motion for rehearing) (en banc). We overrule ground of error two.

Appellant next complains of trial court error in failing to grant his motion for new trial. Appellant's motion contained allegations of trial counsel's negligence and ineffective assistance. At the hearing on this motion, counsel on appeal claimed that trial counsel was negligent in failing to call witnesses Cindy Griffin (appellant's girlfriend) and Frederick Griffin (an acquaintance unrelated to Cindy Griffin).[1] Counsel dictated into the record a "proffer" of what these witnesses would have said if they had testified at trial.

He alleged that Cindy Griffin would have testified that she owned a Camaro in June of 1983; that she owned clear title to this Camaro; that she had given appellant permission to sell this Camaro for her; and that appellant later did sell her Camaro for $1800. (Ms. Griffin's Camaro was red or maroon in color, while the stolen Camaro for which appellant was convicted of theft was brown.)

---

1. Counsel on appeal also complains that trial counsel failed to call appellant's probation officer, Randy Frisch, in appellant's behalf. We find no merit to this complaint because the record clearly reveals that trial counsel called Mr. Frisch to the stand during appellant's case-in-chief and also cross-examined Mr. Frisch when he testified during the State's case-in-chief.

Counsel then dictated that Frederick Griffin would have testified that he is an employee of Silk's Nightclub; that he met with appellant at the nightclub on or about July 14, 1983; that appellant was seeking to sell Cindy Griffin's Camaro; and that Ms. Griffin possessed clear title to the Camaro. Counsel further read into the record that neither Cindy Griffin nor Frederick Griffin was contacted by trial counsel to testify in appellant's behalf, although they were willing to do so.

Following this proffer of testimony by counsel on appeal, appellant testified as the only witness at this hearing. He claimed that he urged his trial attorney several times to subpoena these witnesses but to no avail. He further claimed that Cindy Griffin could have corroborated his explanation at trial as to why his fingerprints were found on the hood of the stolen Camaro. Appellant's explanation at trial was as follows: The stolen car was in the possession of his roommate, Herman Byrd, a used car salesman whose general physical characteristics allegedly resemble those of appellant. According to appellant's story, Herman Byrd and Cindy Griffin were going on vacation to Mexico and needed a jump-start for the stolen Camaro. Appellant assisted with the jump-start and placed his hand on the stolen car when he closed the hood. At the hearing on motion for new trial, appellant still maintained that his fingerprints appeared on the hood because he jump-started the car, but this time he claimed that he, Ms. Griffin, and Ms. Griffin's daughter were on their way to the movies when Mr. Byrd required assistance in starting the car. Appellant's testimony, both at trial and at the subsequent hearing, was replete with inconsistencies. Nevertheless, appellant now claims he is due a new trial because his attorney was specifically negligent in failing to call these witnesses as well as generally incompetent in his presentation of the defense.

■ With respect to a motion for new trial, the judge possesses broad discretion in assessing the credibility of witnesses and in determining from the evidence presented whether a different result would occur upon retrial. *Ochoa v. State*, 653 S.W.2d 368, 372 (Tex.App.—San Antonio 1983, no pet.). An appellate court will reverse the trial court's denial of a new trial only upon a clear showing of abuse of discretion. *Beal v. State*, 520 S.W.2d 907, 912 (Tex.Crim.App.1975). As previously stated, appellant was the sole witness at this hearing. Appellant's uncorroborated testimony, however, is suspect by its very nature. It is also suspect because of the numerous inconsistencies throughout. We understand why the trial court found such testimony lacking in credibility.

Even if witnesses Cindy Griffin and Frederick Griffin had testified as suggested, such testimony would not have precluded appellant's theft of the Camaro in question. The essential nature of appellant's proffer was that if a confidential informant had seen him driving a Camaro, it was Cindy Griffin's Camaro. Such testimony would not have been so favorable as to counter all the other evidence adduced at trial against him. The proffer clearly does not support the likelihood of a different result upon retrial. Consequently, we cannot say that trial counsel's failure to call these witnesses was negligent representation of his client's interest; we thus find no abuse of discretion in the trial court's refusal of a new trial in response to this allegation.

■ As to appellant's claim that trial counsel's representation was generally incompetent, the trial judge presided over both the trial and the subsequent hearing. He observed defense counsel's performance throughout the trial and therefore commanded an advantageous position to assess the overall quality of the attorney's representation. For this reason, and because of our disposition of the remaining grounds of error alleging ineffective assistance, we also find no abuse of discretion in the trial court's denial of a retrial on this basis. We overrule the fourth ground of error.

■ In grounds of error three, five, and six, appellant contends his defense attorney

provided ineffective assistance of counsel because he (1) failed to object to the single-photo pretrial identification procedure; (2) failed to object to appellant's being tried in a white wristband worn by prisoners; and (3) failed to protect the trial record for appellate review. The two-pronged test for ineffective assistance of counsel is as follows:

(1) Did trial counsel commit such serious errors that he was not providing the representation guaranteed by the Sixth Amendment?

(2) If counsel's representation was legally deficient, did his performance prejudice the defendant such that he did not receive a fair trial?

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We will address each of appellant's allegations in turn to decide under the first prong above whether trial counsel's performance was so seriously inadequate as to be legally deficient.

 Appellant first claims that trial counsel should have objected to the single-photo pretrial identification procedure and that failure to do so amounted to ineffective assistance. We disagree. We have determined that the pretrial identification procedure did not seriously compromise appellant's rights because the police officers based their in-court identification upon observations of appellant during commission of the crime. Therefore, defense counsel's failure to object to the pretrial identification procedure may well have been founded upon his understanding that to do so would have been futile in light of the officers' testimony. In any event, defense counsel's failure to object in this instance did not constitute deficient representation. Appellant's third ground of error is overruled.

The fifth ground of error complains that defense counsel failed to protect the presumption of appellant's innocence at trial. Officer Morris identified appellant in court as "[t]he black gentleman sitting at the table with a white T-shirt and white wristband on his left wrist." Apparently, Harris County prisoners wear a white wristband similar to a hospital wristband during incarceration. Defense counsel did not object to appellant's appearing in court with the wristband and did not object when Officer Morris's identification drew attention to the band.

 It is true that a defendant should not be tried in prison clothing. *Ephraim v. State*, 471 S.W.2d 798 (Tex. Crim.App.1971). However, a defendant is required to object before going to trial in prison garb. *Williams v. State*, 477 S.W.2d 24, 26 (Tex.Crim.App.1972). Nevertheless, we are not convinced that a white wristband is prejudicial "prison garb" similar to leg irons, prison uniforms, or handcuffs, the significance of which are readily apparent to the jury. In this case, there is no indication that the jury understood the wristband to signify incarceration nor do we presume that they did. From the jury's perspective, the band could also have signified that appellant had been hospitalized. If appellant objected to the band, he could have requested a long-sleeved shirt to conceal it from view; it is likely he would have been provided one had he requested it. In any event, we decline to categorize a white wristband in and of itself as "prison garb" like handcuffs or a uniform. Therefore, defense counsel's failure to object to the band or to an identification mentioning the band does not prove that he rendered ineffective assistance. Appellant's fifth ground of error in overruled.

 Appellant's final ground of error alleges ineffective assistance of counsel because he claims the defense attorney failed to protect the trial record for appellate review. Appellant lists numerous instances of trial counsel's failure to request an instruction to disregard, failure to challenge the prosecutor's sidebar remarks, and failure to challenge witnesses' purported allusions to extraneous offenses. After reviewing the record, we find that we disagree with appellant's characterization of some of these instances as errors committed by defense counsel. On the other hand, we agree that defense counsel at times failed to object where objections appeared

justified based on the record before us. Effective counsel is not errorless counsel, however, and dissecting a trial record with the benefit of hindsight does not necessarily demonstrate that trial counsel failed to provide reasonably effective assistance as contemplated by the law. *Ferguson v. State,* 639 S.W.2d 307, 310 (Tex.Crim.App. 1982); *Howell v. State,* 563 S.W.2d 933, 937 (Tex.Crim.App.1978).

Throughout the trial, appellant's attorney demonstrated a thorough command of the facts of this case. He filed and adequately presented a pretrial motion to suppress evidence. He presented defense witnesses and vigorously cross-examined State witnesses. He lodged cogent objections and often obtained favorable rulings. He presented closing arguments at both the guilt-innocence and punishment stages of the trial. *See Ferguson,* 639 S.W.2d at 310; *Romo v. State,* 631 S.W.2d 504, 507 (Tex.Crim.App.1982). The defense attorney's performance must be judged not upon momentary lapses, but upon the totality of representation. *Id.*

A statement in appellant's brief accurately captures one aspect of this trial: "Here, it is obvious that a much more experienced prosecutor took advantage of a much less experienced defense counsel...." We agree with appellant's assessment to a certain extent; however, this is not a case in which an experienced prosecutor took advantage of an inexperienced defense counsel by intentionally misleading him or by employing techniques of intimidation as exhibited in *Ex parte Ybarra,* 629 S.W.2d 943, 953 (Tex.Crim.App.1982) (en banc).

Our system of criminal justice does not guarantee two perfectly matched opponents with equal levels of skill and experience in the practice of criminal law. Appellant is only guaranteed defense counsel with a certain minimum level of competence adequate to protect the client's right to a fair trial. In reviewing the record as a whole, we find that appellant's counsel was perhaps less skillful than the highly experienced prosecutor; however, we also find

that defense counsel possessed more than the minimum level of competence contemplated by law. The fact that defense counsel committed certain errors in judgment or experienced momentary lapses along the way does not detract from the underlying certainty that he defended his client with reasonable effectiveness. Because we conclude that defense counsel's performance was not legally deficient, we need not address the second prong of the *Strickland* test for ineffective assistance of counsel. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim.App.1984) (en banc). We overrule appellant's sixth ground of error.

The judgment of the trial court is affirmed.