Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DOUGLAS CRAIG FRANCIS,                          )                  No. 08-03-00316-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                 County Criminal Court No. 5
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# MA0249184-F)

O P I N I O N

            Douglas Craig Francis


 appeals his conviction of driving while intoxicated, subsequent
offense. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. In
accordance with the plea bargain, the trial court assessed punishment at a fine of $800 and
confinement for 180 days but suspended the sentence and placed Appellant on community
supervision for two years. On appeal, Appellant challenges the trial court’s denial of his pretrial
motion to suppress. We affirm the judgment as reformed.
WARRANTLESS ARREST
            In Issue One, Appellant contends that the trial court erred by denying his motion to suppress
because the officers did not personally observe him operating the motor vehicle, and therefore,
lacked authority to make a warrantless arrest for driving while intoxicated. In Issue Two, Appellant
complains that the trial court erred by failing to suppress evidence that Appellant refused to submit
a specimen of his breath for analysis.
The Underlying Facts
            Officer Michael Phillips of the Dallas Police Department received a dispatch at
approximately 1:50 a.m. on March 1, 2002 that a traffic accident had occurred at an apartment
complex. Phillips went to the apartment complex, and observed a Corvette in the parking lot. 
Phillips watched as the Corvette drove over the apartment complex sidewalk, struck a small tree, and
hit the side of the apartment building. Phillips pulled in behind the vehicle and turned on his
emergency lights, but the driver, who was later identified as Appellant, put the car in reverse and
attempted to back up. Appellant stopped only after Phillips hit his horn. Phillips approached the
vehicle, made Appellant put it in park, and took the keys out of the ignition. When Phillips noticed
that Appellant had a strong odor of alcoholic beverages and bloodshot eyes, he called a DWI Officer,
Ronald Coulson. Phillips also observed Appellant stagger when he attempted to walk. 
            When Appellant exited the Corvette at Coulson’s request, he placed his hand on the side of
the car and was extremely unsteady. He admitted to Coulson that he had drunk “too much.” 
Appellant slurred his speech and Coulson could smell a strong odor of alcoholic beverage on his
breath. Coulson was unable to perform the Horizontal Gaze Nystagmus Test because Appellant was
so unsteady and swaying badly. In the opinion of both Phillips and Coulson, Appellant was a danger
to himself. Coulson arrested Appellant for driving while intoxicated. Appellant refused to submit
a breath specimen. 
 

Standard of Review
            We review a trial court’s ruling on a motion to suppress based upon an alleged lack of
probable cause or reasonable suspicion using the bifurcated standard of review articulated in Guzman
v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v. State, 10 S.W.3d 323, 327
(Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref’d).
Under this standard, we afford almost total deference to the trial court’s express or implied
determination of historical facts and review de novo the court’s application of the law pertaining to
search and seizure to those facts. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000);
Carmouche, 10 S.W.3d at 327; Krug, 86 S.W.3d at 765. As there were no explicit findings of
historical facts by the trial court, the evidence must be viewed in a light most favorable to the trial
court’s ruling. Carmouche, 10 S.W.3d at 327.
Misdemeanor Offense Committed in Officer’s View
            In Texas, a warrantless arrest is permitted only when (1) probable cause for the arrest exists
and (2) at least one of the statutory exceptions to the warrant requirement is met. McGee v. State,
105 S.W.3d 609, 614 (Tex.Crim.App. 2003). We do not understand Appellant to argue that the
officers lacked probable cause to arrest him for driving while intoxicated, but rather he contends that
Officer Coulson lacked authority to make a warrantless arrest because he did not personally observe
Appellant driving.



            Generally, officers must secure an arrest warrant before taking someone into custody.
DeJarnette v. State, 732 S.W.2d 346, 349 (Tex.Crim.App. 1987). Article 14.01(b) of Texas Code
of Criminal Procedure offers one exception:
A peace officer may arrest an offender without a warrant for any offense committed
in his presence or within his view. 

Tex.Code Crim.Proc.Ann. art. 14.01(b)(Vernon 2005). A person commits the offense of driving
while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. 
Tex.Pen.Code Ann. § 49.04 (Vernon 2003). Appellant argues that Officer Coulson did not
personally see Appellant drive his vehicle, and therefore, he lacked authority to arrest him pursuant
to Article 14.01(b). See Warrick v. State, 634 S.W.2d 707, 709 (Tex.Crim.App. 1982)(officer found
defendant leaning against car, did not see him driving); Collins v. State, 795 S.W.2d 777, 778 n.1
(Tex.App.--Austin 1990, no pet.)(officer did not observe defendant drive vehicle). The question is
whether the officer who actually observed the offense must personally arrest the offender in order
for the arrest to be valid under Article 14.01(b). This question has been answered in the negative.
            In Willis v. State, an undercover officer purchased drugs from the defendant and observed
him in possession of other drugs. Willis v. State, 669 S.W.2d 728, 730 (Tex.Crim.App. 1984). The
undercover officer gave a prearranged signal to a team of other officers who were waiting nearby to
make the arrest. Id. Those officers arrested the defendant and seized the drugs. Id. Although the
undercover officer did not personally make the arrest, he was part of a team of officers present at the
scene of the offense. Id. The undercover officer had first-hand knowledge of the offense and relayed
that knowledge to his fellow officers. Id. The arresting officers were aware of the prior telephone
conversation setting up the drug buy, watched the defendant get in the undercover officer’s car and
saw the pre-arranged signal from the officer confirming that the defendant possessed drugs when he
got out of the car. Id. The Court of Criminal Appeals determined that while the undercover officer
did not personally arrest the defendant, he was just as much a participant in the arrest as if he had
seized the defendant himself and there was no significant time lapse or other intervening event that
would take the arrest out of the ambit of Article 14.01. Id. Consequently, the Court found the arrest
was valid under Article 14.01(b). The court followed Willis in Astran v. State, 799 S.W.2d 761, 764
(Tex.Crim.App. 1990), a case involving similar facts, holding that a warrantless arrest is valid even
though the arresting officer does not personally have probable cause if the officer having probable
cause effectively participates in the arrest and is fully aware of the circumstances of arrest.
            Here, Officer Phillips personally observed Appellant driving the Corvette and relayed that
information to Officer Coulson as well as other information and facts of which he became aware
prior to Coulson’s arrival at the scene. Phillips effectively participated in the arrest and was fully
aware of the circumstances of Appellant’s arrest. Therefore, Coulson had authority pursuant to
Article 14.01(b) to make a warrantless arrest of Appellant for driving while intoxicated. Issues One
and Two are overruled. The judgment of the trial court, as reformed, is affirmed.
 
May 19, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)