**Anthony Chris COLEMAN, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 01–09–01070–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 2012.

Allen C. Isbell, Houston, TX, for Appellant.

Mandy Goldman Miller, Assistant District Attorney, Houston, TX, for Appellee.

1. A peace officer listed in Subdivision (3), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that an officer described in this subdivision who is outside of that officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the offense is committed in the county or counties in which the municipality employing the peace officer is located.

TEX.CODE CRIM. PROC. ANN. art. 14.03(g)(2) (West Supp.2011).

2. **1856:**

ARTICLE 209. A peace officer, or any other person, may, without warrant, arrest an offender, when the offence is committed in his presence or within his view, if the offence is one classed as a felony or as an "offense against the public peace."

Code of Criminal Procedure, 6th Leg., R.S., § 1, art. 209, 1856 Tex.Crim. Stat. 3, 46, *repealed by* Code of Criminal Procedure, 16th Leg., R.S., § 3, 1879 Tex.Crim. Stat. n.p., 157.
**1879:**

ARTICLE 226. A peace officer or any other person, may, without warrant, arrest an offender, when the offense is committed in his presence or within his view, if the of-

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

**DISSENTING OPINION**

JIM SHARP, Justice.

This appeal requires us to decide whether an offense was committed within the arresting officer's presence or view, as required by Code of Criminal Procedure article 14.03(g)(2), when the police officer conducting the warrantless arrest *did not personally observe the traffic violation,* but was instead informed about it by another officer.[1] This exception to the warrant requirement—that the offense be committed in the officer's presence or within the officer's view—has been the law in Texas since the original 1856 Code of Criminal Procedure.[2] Because the plain

fense is one classed as a felony, or as an "offense against the public peace."

Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 226, 1879 Tex.Crim. Stat. n.p., 29, *repealed by* Code of Criminal Procedure, 24th Leg., R.S., § 3, 1895 Tex.Crim. Stat. 2, 182.
**1895:**

Article 247. [226] A peace officer or any other person may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an "offense against the public peace."

Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 247, 1895 Tex.Crim. Stat. 2, 37, *repealed by* Code of Criminal Procedure, 39th Leg., R.S., § 3, art. 1, 1925 Tex.Crim. Stat. 2, 181. The Thirty–Second Legislature neglected to include a repealing clause when enacting the 1911 Penal Code and Code of Criminal Procedure. *See Berry v. State,* 69 Tex. Crim. 602, 156 S.W. 626, 635 (1913).
**1911:**

Article 259. [247] **Arrest without warrant, when.**—A peace officer or any other person may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an "offense against the public peace." [O.C. 209.]

Code of Criminal Procedure, 32d Leg., R.S., § 2, art. 259, 1911 Tex.Crim. Stat. n.p., 62,

meaning of the statute does not allow such a warrantless arrest and the Court ignores the plain-meaning rule of statutory interpretation set out by the Court of Criminal Appeals in *Boykin v. State,* I respectfully dissent.[3]

This Court in *Gonzales v. State* misinterpreted the plain meaning of Code of Criminal Procedure article 14.01 to allow a peace officer who did not see the offense to arrest the offender without a warrant: "Even though Officer Guerra was the only officer to have seen the commission of the offense, it is sufficient that he saw the offense and communicated his knowledge to other officers, giving them authority to act on the information and to effect an arrest." *Gonzales,* 638 S.W.2d 41, 45 (Tex. App.-Houston [1st Dist.] 1982, pet. ref'd). This opinion was cited in an unpublished opinion by this Court and subsequently criticized by three judges of the Court of Criminal Appeals. *McGowan v. State,* No. 01–83–00190–CR (Tex.App.-Houston [1st Dist.] Dec. 16, 1983) (not designated for publication), *pet. ref'd,* 689 S.W.2d 224 (Tex.Crim.App.1985) (Clinton, J., dissenting, joined by Teague and Miller, JJ.).

In *Astran v. State,* Officer Wilson, who actually viewed the offense, was undercover at the time, purchasing heroin from the defendant. *Astran,* 799 S.W.2d 761, 762 (Tex.Crim.App.1990). After making his purchase, Wilson radioed the other officers "a detailed description of [defendant], which included [his] height, weight, and location." *Id.* The defendant was arrested, but Wilson did not actually conduct or witness the arrest. *Id.* Ultimately, the court held that "[a]s long as the facts show that the viewing officer effectively participated in the arrest and was fully aware of the circumstances of the arrest, then Art. 14.01 is satisfied." *Id.* at 764. The court further held that Wilson did not have to personally make the arrest because his "participation in and awareness of the circumstances of the arrest made him 'just as much a participant in [defendant's] arrest

*repeated by* Code of Criminal Procedure, 39th Leg., R.S., § 3, art. 1, 1925 Tex.Crim. Stat. 2, 181. "O.C." refers to "Old Code," the 1856 Penal Code and Code of Criminal Procedure.
**1925:**
　　Article 212.  [259] [247]  **Offense within view.**—A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an "offense against the public peace." [O.C. 209.]
Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 212, 1925 Tex.Crim. Stat. 2, 34, *repealed by* Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, art. 54.02, sec. 1(a), [2] 1965 Tex. Gen. Laws 317,563.
**1965:**
　　Article 14.01  [212] [259] [247] **Offense within view** A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an offense against the public peace.

Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, art. 14.01, [2] 1965 Tex. Gen. Laws 317, 362, *amended by* Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 8, 1967 Tex. Gen. Laws 1732, 1735.
**1967:**
　　**Article 14.01  Offense within view**
　　(a) A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an offense against the public peace.
　　(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.
Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 8, 1967 Tex. Gen. Laws 1732, 1735 (current Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 14.03(g)(2) (West 2005)).

3. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

as if he has seized the [defendant] himself." *Id.* Under *Astran,* our opinion in *Gonzales* is clearly a misstatement of the law.

I, however, believe that *Astran* is also an incorrect statement of the law and agree with Judge Teague's dissent in that case:

> After carefully reconsidering whether *Willis v. State,* 669 S.W.2d 728 (Tex.Cr. App.1984), upon which the majority opinion in this cause so heavily relies, was correctly decided, I have now concluded that it was wrongly decided, and should be expressly overruled. Other cases, such as *Beverly v. State,* 792 S.W.2d 103 (Tex.Cr.App.1990), which adhere to the extremely flawed principle of law enunciated in *Willis, supra,* should also be expressly overruled.
>
> Chapter Fourteen of the Code of Criminal Procedure enumerates the only exceptions when a peace officer is authorized to arrest another individual without a warrant. Art. 14.01(b), V.A.C.C.P., the only statute that was implicated in *Willis, supra,* and the only statute that is implicated in this cause, expressly provides: "A peace officer may arrest an offender without a warrant for any offense committed in the presence or within his view." As plainly seen, the statute is clearly written. It provides that a peace officer may arrest without a warrant if, *in his presence or within his view,* he witnesses the commission of *any* criminal offense. There is nothing within that statute that allows one or more third parties to make an arrest on the basis of information supplied by the officer in whose presence or within whose view the offense was committed. This Court clearly erred in *Willis* in applying the informant analogy to the statute. See, however, Art. 14.04, V.A.C.C.P. Art. 14.01(b), *supra,* which

> by its very wording obviously places the focus of attention on whether the offense was committed *within the presence or within the view of the arresting officer,* and not on what information a peace officer might have relayed to another peace officer, who makes the actual arrest. The question in this cause is not whether the arresting officer might have had probable cause to make the arrest; instead, the issue is whether the arresting officer was authorized to make the arrest pursuant to the terms of Art. 14.01(b), *supra,* and it matters not whether the officer, who relayed to the officer who made the actual arrest, had "probable cause," or either saw or did not see the arrest take place.
>
> I find that when it comes to interpreting Art. 14.01(b), supra, Justice Burgess of the Beaumont Court of Appeals, who wrote that Court's majority opinion in *Beverly v. State,* 764 S.W.2d 353, 354–355 (Tex.App.-Beaumont 1989), hit the nail on the head when he stated the following in that opinion:
>
> > For a warrantless arrest pursuant to article 14.01, [to be valid] however, *probable cause for arrest must arise from facts within the arresting officer's own knowledge and observations, not from hearsay information.* (My emphasis.)
>
> Also see and compare Art. 14.02, V.A.C.C.P., regarding the power of a magistrate to order a warrantless arrest to be made when a felony or breach of the peace has been committed in his presence or within his view. See also Judge Clinton's succinctly written dissenting opinion in this Court's opinion *of Beverly, supra:* "[T]he majority construction of Art. 14.01(b) is contrary to the plain language and intendment thereof."

In this instance, other than being told by the officer in whose presence a felony was committed to arrest a particularly described individual, who turned out to be the appellant, there is no evidence that reflects or indicates that the officer who made the actual arrest of appellant was authorized to arrest appellant pursuant to Art. 14.01(b), *supra.*

I believe that what this Court's majority does today, as it did in *Willis,* supra, and *Beverly, supra,* is to act legislatively, and not judicially, and, in essence, to actually vote to repeal Art. 14.01(b), supra. This Court, however, in this instance, has not been given authority by the voters of this State to act legislatively. If it is the will of the voters of this State, through its Legislature, to repeal Chapter Fourteen of the Code of Criminal Procedure, then so be it, but please let such occur not in this forum but in the forum where the voters of this State have designated where their laws will be enacted—the Legislature.

Therefore, I respectfully dissent.

*Astran,* 799 S.W.2d at 764–65 (Teague, J., dissenting).

Judge Teague's dissent in *Astran* is clearly correct in light of the Court of Criminal Appeals current jurisprudence on statutory interpretation, which requires us to follow the statute's plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). The plain meaning article 14.03(g)(2) is to allow a peace officer to arrest without a warrant a person who commits any offense within the officer's presence or view. Here, the traffic offense was not committed within the arresting officer's presence or view. Because I believe that any amendment to this statute be done by the legislature and not the courts, I respectfully dissent.

Justice SHARP, dissenting.

Justice MASSENGALE objects to the issuance of this dissenting opinion after the expiration of the court's plenary power. *See* Tex.R.App. P. 19.1.