Opinion issued April 26,
2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01070-CR

———————————

 

Anthony Chris Coleman, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 184th District
Court

Harris County, Texas



Trial Court Case No. 1101320

 



 

 

 

 

DISSENTING OPINION

          This appeal requires us to
decide whether an offense was committed within the arresting
officer’s presence or view, as required by Code of Criminal Procedure article 14.03(g)(2), when the
police officer conducting the warrantless arrest did not personally observe the traffic
violation, but was instead informed about it by another officer.[1]  This exception to the warrant
requirement—that the offense
be committed in the officer’s presence or within the officer’s view—has been the law in Texas since the
original 1856 Code of Criminal Procedure.[2] 
Because the plain meaning of the statute does not
allow such a warrantless arrest and the Court ignores the plain‑meaning
rule of statutory interpretation set out by the Court of Criminal Appeals in Boykin v. State, I respectfully dissent.[3]

          This Court in Gonzales v. State misinterpreted the plain meaning of Code of
Criminal Procedure article 14.01 to allow a peace officer who did not see the
offense to arrest the offender without a warrant: “Even though Officer Guerra was the only officer to have seen the
commission of the offense, it is sufficient that he saw the offense and
communicated his knowledge to other officers, giving them authority to act on
the information and to effect an arrest.” 
Gonzales, 638 S.W.2d 41, 45
(Tex. App.—Houston [1st Dist.] 1982, pet. ref’d).  This opinion was cited in an unpublished opinion
by this Court and subsequently criticized by three judges of the Court of
Criminal Appeals.  McGowan v. State, No. 01‑83‑00190‑CR (Tex.
App.—Houston [1st Dist.] Dec. 16, 1983) (not designated for publication), pet. ref’d, 689 S.W.2d
224 (Tex. Crim. App. 1985) (Clinton, J., dissenting, joined by Teague and
Miller, JJ.).

          In
Astran v. State, Officer Wilson, who
actually viewed the offense, was undercover at the time, purchasing heroin from
the defendant.  Astran,
799 S.W.2d 761, 762 (Tex. Crim. App. 1990).  After making his purchase, Wilson radioed the
other officers “a detailed description of [defendant], which included [his]
height, weight, and location.”  Id.
 The defendant was arrested, but Wilson
did not actually conduct or witness the arrest.  Id.  Ultimately, the court held that “[a]s long as
the facts show that the viewing officer effectively participated in the arrest
and was fully aware of the circumstances of the arrest, then Art. 14.01 is
satisfied.” Id. at 764.  The court
further held that Wilson did not have to personally make the arrest because his
“participation in and awareness of the circumstances of the arrest made him
‘just as much a participant in [defendant’s] arrest as if he has seized the
[defendant] himself.’”  Id. 
Under Astran,
our opinion in Gonzales
is clearly a misstatement of the law.

          I, however, believe that Astran is also an incorrect statement of the law
and agree with Judge Teague’s dissent in that case:

          After carefully reconsidering whether Willis v. State, 669 S.W.2d 728
(Tex.Cr.App.1984), upon which the
majority opinion in this cause so heavily relies, was correctly decided, I have
now concluded that it was wrongly decided, and should be expressly overruled.  Other cases, such as Beverly v. State, 792 S.W.2d 103
(Tex.Cr.App.1990), which adhere to the
extremely flawed principle of law enunciated in Willis, supra,
should also be expressly overruled.          Chapter
Fourteen of the Code of Criminal Procedure enumerates the only exceptions when
a peace officer is authorized to arrest another individual without a warrant.  Art. 14.01(b), V.A.C.C.P., the only statute that was implicated
in Willis, supra, and the only statute that is implicated in this cause,
expressly provides: “A peace officer may arrest an offender without a warrant
for any offense committed in the presence or within his view.”  As plainly seen, the statute is clearly
written.  It provides that a peace
officer may arrest without a warrant if, in his presence or within his view,
he witnesses the commission of any criminal offense.  There is nothing within that statute that
allows one or more third parties to make an arrest on the basis of information
supplied by the officer in whose presence or within whose view the offense was
committed.  This Court clearly erred in Willis
in applying the informant analogy to the statute.  See, however, Art. 14.04, V.A.C.C.P. Art. 14.01(b), supra, which by its very wording obviously places
the focus of attention on whether the offense was committed within the
presence or within the view of the arresting officer, and not on what
information a peace officer might have relayed to another peace officer, who
makes the actual arrest.  The question in
this cause is not whether the arresting officer might have had probable cause
to make the arrest; instead, the issue is whether the arresting officer was
authorized to make the arrest pursuant to the terms of Art. 14.01(b), supra, and it matters not whether the officer, who
relayed to the officer who made the actual arrest, had “probable cause,” or
either saw or did not see the arrest take place.

          I find that
when it comes to interpreting Art. 14.01(b), supra, Justice Burgess of the Beaumont Court of Appeals,
who wrote that Court’s majority opinion in Beverly v. State,
764 S.W.2d 353, 354–355 (Tex.App.–Beaumont 1989), hit the nail on the head when he stated the following in
that opinion:

For a warrantless arrest pursuant to article 14.01, [to be valid] however, probable cause for arrest must
arise from facts within the arresting officer’s own knowledge and observations,
not from hearsay information. (My emphasis.)



Also see and compare Art. 14.02, V.A.C.C.P.,
regarding the power of a magistrate to order a warrantless arrest to be made
when a felony or breach of the peace has been committed in his presence or
within his view.  See also Judge Clinton’s
succinctly written dissenting opinion in this Court’s opinion of Beverly, supra:
“[T]he majority construction of Art. 14.01(b)
is contrary to the plain language and intendment thereof.”

          In this
instance, other than being told by the officer in whose presence a felony was
committed to arrest a particularly described individual, who turned out to be
the appellant, there is no evidence that reflects or indicates that the officer
who made the actual arrest of appellant was authorized to arrest appellant
pursuant to Art. 14.01(b), supra.

          I believe that what this Court’s majority does today, as it
did in Willis, supra, and Beverly, supra, is to act legislatively, and not judicially, and, in essence,
to actually vote to repeal Art. 14.01(b), supra.  This Court,
however, in this instance, has not been given authority by the voters of this
State to act legislatively.  If it is the
will of the voters of this State, through its Legislature, to repeal Chapter
Fourteen of the Code of Criminal Procedure, then so be it, but please let such
occur not in this forum but in the forum where the voters of this State have
designated where their laws will be enacted—the Legislature.

          Therefore, I
respectfully dissent.

 

Astran, 799 S.W.2d 764–65 (Teague, J.,
dissenting).

          Judge Teague’s dissent in Astran is clearly
correct in light of the Court of Criminal Appeals current jurisprudence on
statutory interpretation, which requires us to follow the statute’s plain
meaning.  Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim.
App. 1991).  The plain meaning article 14.03(g)(2)
is to allow a peace
officer to arrest without a warrant a person who commits any offense within the
officer’s presence or view.  Here, the traffic
offense was not committed within the arresting officer’s presence or view.  Because I believe that any amendment to this
statute be done by the legislature and not the courts, I respectfully dissent.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.

Justice
Sharp, dissenting.

Justice
Massengale objects to the issuance of this dissenting opinion after the
expiration of the court’s plenary power. 
See Tex. R. App. P. 19.1.

 

Publish.  Tex.
R. App. P. 47.2(b).











[1]                  A
peace officer listed in Subdivision (3), Article 2.12, who is licensed under
Chapter 1701, Occupations Code, and is outside of the officer’s jurisdiction
may arrest without a warrant a person who commits any offense within the
officer’s presence or view, except that an officer described in this
subdivision who is outside of that officer’s jurisdiction may arrest a person
for a violation of Subtitle C, Title 7, Transportation Code, only if the
offense is committed in the county or counties in which the municipality
employing the peace officer is located.

 

Tex. Code Crim. Proc. Ann. art. 14.03(g)(2) (West Supp. 2011).

 





[2]        1856:

          Article
209.  A peace officer, or any other
person, may, without warrant, arrest an offender, when the offence is committed
in his presence or within his view, if the offence is one classed as a felony
or as an “offense against the public peace.”

Code of Criminal Procedure, 6th Leg., R.S., § 1, art. 209

, 1856 Tex. Crim. Stat. 3,
46, repealed by Code of Criminal Procedure, 16th Leg., R.S., § 3, 1879 Tex. Crim. Stat. n.p., 157.

 

1879:

          Article 226.  A peace officer or any other person, may,
without warrant, arrest an offender, when the offense is committed in his
presence or within his view, if the offense is one classed as a felony, or as
an “offense against the public peace.”

Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 226, 

1879 Tex. Crim. Stat. n.p., 29, repealed by Code of Criminal Procedure,
24th Leg., R.S., § 3, 1895 Tex. Crim. Stat. 2,
182.

 

1895:

          Article
247.  [226]  A peace officer or any other person may,
without warrant, arrest an offender when the offense is committed in his
presence or within his view, if the offense is one classed as a felony, or as
an “offense against the public peace.”

Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 247, 

1895 Tex. Crim. Stat. 2,
37, repealed by Code of Criminal Procedure, 39th Leg., R.S., § 3, art. 1, 1925 Tex. Crim. Stat. 2,
181.  The Thirty‑Second
Legislature neglected to include a repealing clause when enacting the 1911
Penal Code and Code of Criminal Procedure. 
See Berry v. State, 156 S.W. 626, 635
(Tex. Crim. App. 1913).

 

1911:

          Article
259.  [247]  Arrest
without warrant, when.—A peace officer or any other person may, without
warrant, arrest an offender when the offense is committed in his presence or
within his view, if the offense is one classed as a felony, or as an “offense
against the public peace.”  [O. C. 209.]

Code of Criminal Procedure, 32d Leg., R.S., § 2, art. 259

, 1911 Tex. Crim. Stat. n.p., 62, repealed by Code of Criminal Procedure,
39th Leg., R.S., § 3, art. 1, 1925 Tex. Crim. Stat. 2,
181.  “O. C.” refers to “Old Code,”
the 1856

Penal
Code and Code of Criminal Procedure.

 

1925:

          Article
212.  [259] [247]  Offense
within view.—A peace officer or any other person, may, without warrant,
arrest an offender when the offense is committed in his presence or within his
view, if the offense is one classed as a felony, or as an “offense against the
public peace.”  [O. C. 209.]

Code
of Criminal Procedure, 39th Leg., R.S., § 2, art. 212, 1925 Tex.
Crim. Stat. 2, 34, repealed by Code of Criminal Procedure of the State
of Texas, 59th Leg., R.S., ch. 722, § 1, art. 54.02,
sec. 1(a), [2] 1965 Tex. Gen. Laws 317, 563.

 

1965:

          Article 14.01  [212] [259] [247]  Offense within view  A peace officer or any other person, may,
without warrant, arrest an offender when the offense is committed in his
presence or within his view, if the offense is one classed as a felony, or as
an offense against the public peace.

Code
of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, art.
14.01, [2] 1965 Tex. Gen. Laws 317, 362, amended
by Act of May 19, 1967, 60th Leg., R.S., ch. 659,
§ 8, 1967 Tex. Gen. Laws 1732, 1735.

 

1967:

          Article 14.01  Offense within view

          (a) A
peace officer or any other person, may, without warrant, arrest an offender
when the offense is committed in his presence or within his view, if the
offense is one classed as a felony, or as an offense against the public peace.

          (b) A
peace officer may arrest an offender without a warrant for any offense committed
in his presence or within his view.

Act
of May 19, 1967, 60th Leg., R.S., ch. 659, § 8, 1967
Tex. Gen. Laws 1732, 1735 (current Tex. Code Crim.
Proc. Ann.
art. 14.03(g)(2) (West 2005)).





[3]        Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).